[No. 18205.   Department One.—January 5, 1894.]

# THE PARKE AND LACY COMPANY, RESPONDENT, *v.* THE WHITE RIVER LUMBER COMPANY ET AL., APPELLANTS.

CONDITIONAL SALE—LEASE OF PERSONAL PROPERTY—TITLE TO PASS UPON PAYMENT.—An agreement by which the owners of personal property "lease" it to others, and which provides that upon the prompt payment of the sum of money to be paid as rental the title to the property would pass to the lessees, although called a lease, is not one, but is either a complete or conditional sale.

ID.—FORECLOSURE OF MORTGAGE TO SECURE PURCHASE MONEY—RATIFICATION OF SALE.—Conceding such an agreement to be a conditional rather than an absolute sale, the action of the owners of the property in foreclosing a mortgage of realty, given by the purchasers of the property to secure the purchase price, is a ratification of the sale, and defeats the rights of the sellers to reclaim the property because of noncompliance with the conditions of the instrument in regard to payments.

ID.—ELECTION OF INCONSISTENT REMEDIES.—When two inconsistent remedies are open to a person he must elect which he will pursue, and having elected one, he is debarred from the other.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. A. Hannah,* for Appellants.

The instrument in question was, in effect, a contract of sale, and not a lease or bailment. (*Heryford* v. *Davis,* 102 U. S. 235; *Silver Bow M. & M. Co.* v. *Lowry,* 6 Mont. 288; *In re Seymour,* 83 Mich. 496; *Miller* v. *Steen,* 30 Cal. 403; *Bailey* v. *Hervey,* 135 Mass. 172; *De Saint Germain* v. *Wind,* 3 Wash. T. 189; *McGinnis* v. *Savage,* 29 W. Va. 362; *Harkness* v. *Russell,* 7 Sup. Ct. Rep. 51; *Hart* v. *Barney,* 7 Fed. Rep. 553; *Farquhar* v. *McAlevy,* 142 Pa. St. 233; *Hays* v. *Jordan,* 85 Ga. 741; *Baldwin* v. *Van Wagener,* 33 W. Va. 293; *Gorham* v. *Holden,* 79 Me. 317; *Hervey* v. *R. I. Locomotive Works,* 93 U. S. 664; *Lucas* v. *Campbell,* 88 Ill. 447.) By electing to sue for the purchase price, and thus treating the transaction as a sale, plaintiff has waived the condition of payment. (*Bailey* v. *Hervey,* 135 Mass. 172; *Butler* v. *Hildreth,* 17

Mass. 605; *Terry* v. *Munger*, 121 N. Y. 161; 18 Am. St. Rep. 803; *Boots* v. *Ferguson*, 26 Hun, 129; *Mild* v. *Burton*, 49 Mich. 43; *Stewart* v. *Huntington*, 124 N. Y. 127; Pomeroy's Remedies, 2d ed., secs. 565–569; 1 Wait's Actions and Defenses—Election of Remedies, p. 504; *Bach* v. *Tuck*, 126 N. Y. 53; *Fleury* v. *Tufts*, 25 Ill. App. 101; *Aultman & Co.* v. *Olsen*, 43 Minn. 409.)

*H. A. Powell,* for Respondent.

Contracts of the nature of the one at bar, whether in the form of a lease or of a conditional sale, have uniformly been enforced in accordance with the expressed intention of the parties. (*Putnam* v. *Lamphier*, 36 Cal. 151; *Kohler* v. *Hayes*, 41 Cal. 455; *Hegler* v. *Eddy*, 53 Cal. 597; *March* v. *McKoy*, 56 Cal. 85; *Hendy* v. *Dinkerhoff*, 57 Cal. 3.)

Garoutte, J.—This is an action to recover possession of certain personal property or its value. Defendants appealed from the judgment and order denying a motion for a new trial. Plaintiff, being the owner of certain personal property, consisting of machinery, etc., gave to defendants a writing, the substantial portions of which are as follows:

### Lease.

" The Parke and Lacy Company, of San Francisco, California, lessors, hereby lease unto the White River Lumber Company and Warren D. Parson, of Tulare county, California, lessees, the following property for the period of nine months from the fifteenth day of June, 1889, to wit [then follows a description of the property]: Said property is to be used only at Arbor Vitæ, Tulare county, State of California, and said lessees are to pay to said lessors, at San Francisco, for the use of said property, the sum of three thousand and sixty-four dollars payable as follows: All on the fifteenth day of March, A. D. 1890. Said lessees agree that they will pay the rent at the times and in the manner aforesaid. . . . . It is further agreed that time is of the essence of this agreement, and upon a failure of the

lessee strictly to keep and perform any of the covenants or provisions hereof by them agreed to be performed, then and thereupon, without any notice, this instrument shall be deemed to be canceled, and of no further effect as against lessors, and all right and interest of lessee in or to said property shall cease, and all rent by lessee theretofore paid shall belong to lessors as full payment for the prior use of said property, and lessors shall be entitled to take unto their possession all of said property. Said lessors further agree that upon strict performance by lessee with all the foregoing covenants and provisions by them to be kept and performed, they shall (but not otherwise) have the right to purchase said property by the prompt payment to lessors of the sum of three thousand and sixty-four dollars."

During the progress of the trial respondents' counsel admitted that the three thousand and sixty-four dollars referred to in the last clause of the contract was the same sum of money that was to be paid as rent, and that upon the payment of said sum the title to the property would pass to defendants; and, indeed, it is fairly apparent from the writing itself. This sum of money was not paid at the time agreed upon, and subsequently the present action was brought to secure possession of the property.

The nature of the judgment to be rendered in this case is determined entirely by the construction to be given the writing from which we have quoted. In addition to this writing, upon the same date a mortgage was given to plaintiff by one Hilton, upon certain real estate, to secure a promissory note for six hundred and fifty dollars, payable by defendants to plaintiff, and also to secure the said sum of three thousand and sixty-four dollars, specified in the so-called lease.

This paper was not a lease. Calling it a lease did not establish the fact. This is peculiarly a case where there is nothing in a name, for the contents of the paper determine its true character. It is said in *Heryford* v. *Davis*, 102 U. S. 235: " What then is the true construc-

tion of the contract? The answer to this question is not to be found in any name which the parties may have given to the instrument, not alone in any particular provisions it contains disconnected from all others, but in the ruling intention of the parties gathered from all the language they have used. It is the legal effect of the whole which is to be sought for. The form of the instrument is of little account." That the writing is not a lease is settled beyond all dispute by the one fact that upon the payment of the amount stated in the contract the title was to pass irrevocably to defendants.

This contract either transferred the title of the property to defendants, and thus was a sale perfect and complete, or it was a conditional sale. And as to the character of the judgment that should be rendered, it is immaterial which of these constructions be placed upon it. If it was an absolute sale at the time it was entered into, and the fact that a mortgage was given to secure the amount therein specified is strongly indicative that such was its legal effect, then plaintiff has no title in the property, and no right to its possession. If it was a conditional sale, the transfer of title being dependent upon a payment of the purchase price, plaintiffs still are not entitled to recover, for the following reason: Several months prior to the commencement of the present action plaintiff brought suit against these defendants and Hilton, mortgagor, to recover upon the aforesaid note; and also to recover the said sum of three thousand and sixty-four dollars, and asked that the real estate mortgaged to secure these amounts be sold, etc. That case went to trial upon issue joined, and as appears by the opinion of the judge, while a foreclosure of the mortgage was denied, judgment was ordered against these appellants for the full amount claimed by the complaint. The course thus pursued by plaintiff defeats its rights in the present action, if the writing be construed as a conditional sale. If the money had been paid as agreed, the title would have passed to defendants, and the money not being paid as agreed, the plaintiff could either re-

cover the property or sue for the purchase price. But the pursuit of one remedy necessarily excluded the other. It was not entitled both to the purchase price and the property, and an action brought to recover the purchase price, as was done in this case, is a ratification of the sale. This principle is forcibly put in *Bailey* v. *Hervey*, 135 Mass. 174. "They could not treat the transaction as a valid sale and an invalid one at the same time. If they reclaimed their property, it must be on the ground that they elected to treat the transaction as no sale. If they brought an action for the price, they would thereby confirm it as a sale. Two inconsistent courses being open to them, they must elect which they would pursue, and, electing one, they are debarred from the other. Reclaiming the goods would show an election to forego the right to recover the price; but instead of reclaiming the goods in the first instance, they brought an action against Bailey for the price, made an attachment of his property by trustee process, entered their action in court, and he was defaulted. They were thereupon entitled to judgment against him. . . . . They had thus made a decisive election to treat the transaction as a sale before reclaiming the goods, and under such an election the title passed to Bailey." (See, also, *Butler* v. *Hildreth*, 5 Met. 49.)

For the foregoing reasons it is ordered that the judgment and order be reversed, and the cause remanded for a new trial.

PATERSON, J., and HARRISON, J., concurred.

Hearing in bank denied.