GEORGIANA HAYNES & another *vs.* JOSEPH P. TEMPLE.

Middlesex.     March 25, 1908. — April 4, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Sale,* Conditional. *Contract,* Construction. *Conversion. Estoppel.*

A dealer delivered a horse to a purchaser who gave him therefor three promissory
notes payable in successive months, to each of which was attached an agree-
ment, signed by the purchaser, that the horse was " to be and remain the entire
and absolute property of " the dealer " until said note is fully paid." The pur-
chaser did not pay the two notes which first came due, and, before the third
one came due, the dealer brought an action against him and procured a judgment
which he satisfied by a levy on real estate of the purchaser. When the third
note came due, the purchaser did not pay it, and thereupon the dealer took pos-
session of the horse, and the purchaser brought against him an action of tort for
conversion. *Held,* that the intention of the parties was that title to the horse
should not pass until all the notes were paid, and that the dealer was not
estopped from claiming title to the horse on non-payment of the third note by
the fact that he had enforced payment of the first two by action.

TORT for the conversion of two horses. Writ in the Superior
Court for the county of Middlesex dated December 10, 1906.

There was a trial before *Lawton*, J.   It appeared that possession of the horses in question had been delivered to the plaintiffs by the defendant under the agreement of conditional sale described in the opinion, that the plaintiffs had defaulted in the payment of the first two of the three notes given by them to the defendant, that the defendant had recovered judgment thereon, which had been satisfied, and then, the plaintiffs not paying the third note, had taken possession of the horses, which was the conversion complained of.

The presiding judge refused to direct a verdict for the defendant but ruled " that the defendant was liable on the evidence and that the only thing for the jury to do was to assess the damages."   There was a verdict accordingly for the plaintiffs, and, the defendant excepting, the presiding judge by agreement of the parties reported the case for consideration by this court.

*J. J. Shaughnessy*, (*F. P. O'Donnell* with him,) for the defendant.

*A. A. Wyman*, for the plaintiffs.

HAMMOND, J.   The price to be paid for the horses was $400, of which $200 was to paid in one month, $100 in two months, and $100 in three months from August 22, 1904; and three notes for these respective sums were given.   To each note was attached a statement that the horses were " to be and remain the entire and absolute property of . . . [the defendant]   . . until said note is fully paid . . . with interest."   It is argued by the plaintiffs that upon the payment of either of these notes the title to the horses was to pass to the plaintiffs.   But this position is untenable.   The delivery of the horses by the seller and the giving of the notes by the buyer were all one transaction; and it is too plain for argument that the intention of the parties, as shown by the papers, was that the title was not to pass until all of the notes were paid, and such was the legal effect of the transaction.   Before the third note became due, the defendant brought suit on the two which were overdue, and, having recovered judgment, collected the amounts due thereon by a levy upon real estate of the plaintiffs.   The question on this branch of the case is whether his action in doing this is inconsistent with his right to insist that the title to the horses still remains in him.

Plainly it is not inconsistent. This is not a case where, the seller having, by reason of fraud or otherwise, a right either to take back the goods or sue for the entire price which is due and payable only upon the theory that the title has passed to the buyer, elects to consider the transaction a complete sale and sues for the price. In such a case, the suit for the entire price being inconsistent with the theory that the sale is not absolute, the seller is estopped to set up the claim that the goods remain his property. He cannot have both the price and the goods, and, having made his election, he must stand by it. *Butler* v. *Hildreth*, 5 Met. 49. *Whitney* v. *Abbott*, 191 Mass. 59. See also the opinion delivered by Wells, J., in *Connihan* v. *Thompson*, 111 Mass. 270.

But this principle is not applicable to the facts shown in the case at bar. Under the contract the defendant at the end of the first month was to receive $200, and at the end of the second month $100 additional, making $300 in all. And these sums he was entitled to receive whether the title to the goods passed to the plaintiffs or not. Even if the plaintiffs had voluntarily paid these two notes at maturity, still the title to the horses would not thereby have become vested in them but would have remained in the defendant until the payment of the third note. His conduct therefore in enforcing by an action at law the payment of the two notes was not inconsistent with the position that the title to the horses was not yet in the plaintiffs. It was his right under the terms of the contract to have the $300 and still to keep his title until the last note was paid. His act in bringing the suit was not an election between two inconsistent remedies; but was an act perfectly consistent with his claim to retain his title, and all in strict compliance with the contract. He still holds the third note unpaid, and hence by the very terms of the contract he still is the owner of the horses; and, the note being overdue, he has the right of possession. The judge erred in refusing to rule as requested by the defendant, and also in directing the jury that the defendant was liable. *Coggill* v. *Hartford & New Haven Railroad*, 3 Gray, 545, and cases therein cited.

*Verdict set aside.*