AMERICAN CAN COMPANY *v.* WHITE.

Opinion delivered October 1, 1917.

1. CONTRACTS—CONSTRUCTION— PARTICULAR WORDS.—A contract will be construed as a whole, and the intention of the parties gathered from the language used as a whole, rather than from some particular word or words, without reference to the context in which those words are used.

2. CONTRACTS—USE OF WORD "LEASE"—SALE.—Contract construed to be for the sale of a chattel, although the language of the contract recited, "I, W., do hereby agree to lease. * * *"

3. SALES—SALE OR LEASE.—Whether a contract is for the sale or lease of a chattel, is to be determined from the intention of parties, as gathered from the entire contract.

4. SALES—CHATTEL.—Appellant and appellee agreed that appellant could retake possession of a certain chattel delivered by it to appellee, if the latter failed to make certain payments specified in the contract, or appellant could affirm the contract and sue for damages. The appellant elected to do the latter. *Held,* the contract was one of sale, although the word *lease* was used in the written agreement.

Appeal from Jackson Circuit Court; *Dene H. Coleman,* Judge; reversed.

*Ira J. Mack,* for appellant.

1. The contract was one of conditional sale. The word "lease" used therein does not change the legal effect of the instrument. Williston on Sales, 526, § 336; 120 Fed. 64; 58 Am. Dec. 767; 89 Am. Dec. 124; 95 Am. Dec. 455; 79 Am. St. 41; Mechem on Sales, § § 569, 570; Tiffany on Sales (2 ed.), 134.

2. Upon default in the payments appellant had the right either to bring replevin for the property, or to affirm the sale and sue for the purchase money. 88 Ark. 99; 100 Ark. 403; 175 S. W. 516. Having elected to sue for the purchase money, thereby waiving title to the property, appellant had the right under the statute to have the property impounded, and a lien declared thereon for the purchase money. Kirby's Dig., § § 4966 *et seq.;* 52 Ark. 450.

*Appellee, pro se.*

This was a contract of lease, the consideration being the use of the machine. Plain and unambiguous, it must be construed as made. 105 Ark. 213. And having been drafted by the appellant, it should be construed more strongly against it. 74 Ark. 41.

Before appellant could maintain its action, there must have been a sale and delivery with intention to pass

title to the purchaser. The right to a vendor's lien exists only when there is a sale and purchase. Kirby's Dig., § § 4966-4969; 52 Ark. 450.

See also 30 Ark. 402; 47 Ark. 363; 53 Miss. 596.

### STATEMENT OF FACTS.

This suit was instituted by the appellant against the appellee for the purchase price of an adding machine sold by the appellant to the appellee under a contract which provides as follows:

"I, P. S. White, do hereby agree to lease from American Can Company one American adding machine No.........., on which I have this day paid $8 and on account of which I further agree to pay $7 on the 15th day of each and every succeeding month thereafter, beginning May 15, 1916, until the total sum of $88 shall have been paid.

"It is understood and agreed that the title to said adding machine shall remain in said company until final payment in full shall have been made; that said adding machine shall not be removed from his place of business in the city of Newport, State of Arkansas, without said company's written consent; that, in default of any of said payments, said company or its representative is hereby authorized to enter his premises and take and remove said adding machine without legal process or at its option may leave machine in possession of the lesee and declare all unpaid balance as due and payable. The lessee assumes the responsibility for the loss of our damage by fire or otherwise to the above described machine, and agrees to pay for any damage which may occur to it, or to pay for the machine itself, if destroyed, or if for any other reason it shall not be returned to the owners. It is understood and agreed that this order is subject to the approval of the American Can Company."

The appellant also, in connection with his suit, asked that a vendor's lien be created and enforced under chapter 101 of Kirby's Digest.

The appellant introduced its contract and called appellee as a witness, who testified that he made the contract

with appellant, and when the machine came he wrote appellant that he did not want the machine. Appellant replied that he could not cancel the contract. Appellee took advantage of that clause in the contract where it says that if he failed to pay then they could take the machine without legal process. The appellee neglected to pay and appellant drew on appellee and he refused to pay the draft. Appellant sent its representative to see the appellee and appellee told appellant's agent to take the machine. They refused to do so and sued the appellee. The appellee construed the contract as a lease, requiring payments on the installment plan. The penalty for failure to pay was the taking of the machine. Appellee did not own the machine and appellant came and took it. Appellee was not liable to them for a cent. Appellee received a letter advising him that appellant had exercised its option and after that the suit was filed. If appellant had not given appellee notice that it had exercised its option appellant could not have come and gotten the machine. Appellant took the machine before the last note—last payment under the contract—was due.

The court found the facts as follows: "Prior to the institution of the suit in the justice court the plaintiff notified the defendant that, default having been made in the payments under the contract, that it had exercised its option in the contract to and did declare all the unpaid balance of the contract price of the adding machine as due and payable; that defendant has paid on the purchase price $8, leaving a balance of $80, and none of this balance has ever been paid by the defendant. An affidavit was filed by plaintiff as a vendor to create and enforce a lien, under the statute, against said adding machine, setting up that it was in the possession of the vendee, and asking that it be taken by the officer of the court and held subject to the orders of the court. The adding machine was taken from the possession of the defendant under a writ of attachment issued on this affidavit and held by the constable. Under the terms of the contract of lease the plaintiff could not claim the benefit of both options expressed in said con-

tract, of 'taking and removing said adding machine,' or 'may leave machine in possession of lessee and declare all unpaid balance due and payable.' ''

The court thereupon rendered judgment in favor of the appellee, and appellant brings this appeal.

WOOD, J., (after stating the facts). (1-2) The court erred in construing the contract as a lease. Although the contract recites, ''I, P. S. White, do hereby agree to lease,'' etc., and although the appellee is designated in the body of the contract as the ''lessee,'' nevertheless the language which states the reciprocal duties and obligations and the respective rights of the parties shows that it was their intention to enter into a contract to sell on certain conditions, but not to lease. The contract must be construed as a whole and the intention of the parties gathered from the use of the language as a whole rather than from some particular word or words, without reference to the context in which those words are used.

When the words ''lease'' and ''lessee'' are considered in connection with their context, it is clear that they were not used in the narrow technical sense, and to so construe them would destroy the evident meaning of the other language of the contract and not give effect to the intention of the parties as manifested by the language of the contract when taken in its entirety.

The appellee, in his testimony, designated the contract as ''simply a lease, the same as any installment plan,'' and he seeks here to have that construction placed upon it.

(3) Mr. Tiffany, in his work on Sales, at page 134, says: ''The character of the transaction depends upon the intention of the parties, which is evidenced in most cases by a written contract, and which is not determined by the name which the parties have given to the instrument, but is to be gathered from all its terms. Thus instruments in the form of leases, and so designated, and providing that the so-called lessee shall become the owner of the thing leased upon payment of stipulated installments

of rent, usually equivalent to the value of the thing, which the lessee agrees to pay, and reserving the right on the part of the lessor upon default in payment to resume possession, have often been held to be conditional sales." Citing numerous cases in note.

And Professor Mechem says: "The mere fact that the parties declare that their agreement shall not amount to a sale, or shall not be construed in any other manner, is not conclusive. They can not, by their agreement, control the operation of the rules of construction. In very many of the cases the instrument in question has been called a lease, and much of the language used has been such as would be appropriate to a lease. It is, of course, entirely competent for parties to make leases of chattels, but the instrument will not be deemed a lease where its contents and evident purpose shows that some other construction is demanded. Hence the cases are numerous in which instruments called leases have been held to be conditional contracts to sell, that is, agreements to sell with payments made a condition precedent to the passing of the title, notwithstanding that the parties have expressly stipulated that no such construction should be put upon their contract." 1 Mechem on Sales, § § 568, 569, p. 468, and numerous cases cited in note.

(4) In the case in hand appellant, under contract, delivered the possession of the machine to the appellee and was not entitled to take possession of the same from the appellee except in default of some one or all of the installments. The appellee had the possession and use of the machine and agreed to pay for the same on the installment plan, and when the payments were made as designated appellee was to have title to the machine. Until such installments were paid according to the contract the title to the machine remained in the appellant. Appellant had the option, under the contract, upon the failure of the appellee to pay any one or all of the installments, to take possession of the machine or to leave the machine in the possession of the appellee and to declare all the unpaid balance due and to sue for the same. These pro-

visions, as we construe the contract, constituted it one for a sale and not a lease. See *Miller* v. *Steen,* 30 Cal. 402, 89 Am. Dec. 124; *Murch* v. *Wright,* 95 Am. Dec. 455; *Lundy Furniture Co.* v. *White,* 79 Am. St. Rep. 41, and other authorities cited in appellant's brief.

As we understand the undisputed evidence, upon the failure of the appellee to make the payments the appellant did not exercise the option it had under the contract to take possession of the property and rescind the contract, but, on the contrary, it affirmed the contract and permitted appellee to retain possession of the machine and sued for the purchase money. This, appellant, had the right to do. See *Bowser Fur. Co.* v. *Johnson,* 117 Ark. 496; *Hollenberg Music Co.* v. *Barron,* 100 Ark. 403; *Bell* v. *Old,* 88 Ark. 99.

Appellee still having possession of the property, and the purchase price thereof being payable in money, appellant also had the right, in connection with its suit for the purchase money, to have the property impounded and a lien created and enforced on the same to pay the balance of the purchase money under the provisions of section 4966 *et seq.* (chap. 101), Kirby's Digest; *Fox* v. *Ark. Industrial Co.,* 52 Ark. 450; *Stephens* v. *Shannon,* 43 Ark. 464.

The judgment is therefore reversed, and the cause will be remanded with directions to enter judgment in favor of the appellant and for further proceedings according to law.