[L. A. No. 4204.   Department One.—April 16, 1918.]

## L. S. ADAMS, Respondent, v. E. C. ANTHONY, Doing Business, etc., Appellant.

SALES—CONDITIONAL SALE—LEASE WITH OPTION TO PURCHASE AT NOMINAL PRICE—RIGHT OF POSSESSION.—Where the owner of an automobile truck, by an instrument designated by the parties as a "lease" for the term of twelve months, gave the possession of the vehicle to the "lessee," who agreed to pay as rental a fixed sum of which about one-third was paid in cash and the balance was to be paid in monthly installments, evidenced by promissory notes, with the right on the part of the "lessee," on full performance, to purchase the machine for one dollar, and with the proviso that any default on the part of the "lessee" should release the "lessor" from all further obligations, and the "lessor" should then have the right to retake possession, whether the written agreement be in legal contemplation a contract of lease or one of conditional sale, the "lessee" or "purchaser" must rest his claim of possession upon the terms of the writing alone, and he was entitled to possession only so long as he complied with his obligation to pay the installments upon the dates when they fell due.

ID.—ACTION BY LESSEE FOR POSSESSION AFTER DEFAULT—SUIT BY LESSOR ON INSTALLMENT NOTES.—Where, in such case, the written agreement also provided that the termination of the lease by the lessor for default on the part of the lessee should not release the lessee from the payment of any sums due up to the date of such termination, and the lessee having made default in payment of the first two installments, the lessor retook possession of the machine and sued and recovered judgment on these two installment notes, the judgment in an action by the lessee to recover possession of the machine should have been for the defendant, as the action on the overdue notes did not affect the lessor's right of possession.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis C. Legerton, Judge.

The facts are stated in the opinion of the court.

E. W. Freeman, A. D. Laughlin, and Paul Nourse, for Appellant.

Jones & Evans, and Monta Moore, for Respondent.

SLOSS, J.—The defendant appeals from a judgment declaring that plaintiff is entitled to the possession of a certain automobile truck. .

On June 15, 1914, the parties entered into a written agreement concerning the truck, which was then the property of the defendant. By the terms of the writing, Anthony leased the truck to Adams for the term of twelve months, for a rental of $3,785, of which $1,200 was paid at the time, and the balance was made payable in monthly installments, for which Adams gave his promissory notes. It was stipulated that in default in payment of any of the rental, the lessor might at his option terminate the lease by written notice to the lessee, whereupon the lessee should lose all right to possession of the automobile and the right to purchase it, and the lessor should be entitled to possession: "but it is agreed," so the writing proceeds, "that such termination of this lease shall not release the lessee from the payment of any sums due lessor up to and including the day of such termination." Time was made of the essence, and it was provided that any default by the lessee should release the lessor from all obligations to further lease the automobile, and the lessee should forfeit all rights thereto. In the event of full performance by the lessee at the times specified, he was given the right, "within three days thereafter," to purchase the automobile for one dollar. There were other provisions, not necessary to be set forth here.

Pursuant to this contract, the plaintiff was given possession of the machine. He defaulted in the payment of the first two installments, of $150 each, due on July 15 and August 15, 1914. The defendant gave him notice of termination, and took possession of the automobile. Thereafter he commenced suit on the two notes given for these installments and recovered judgment.

On these facts, which are undisputed, judgment in this case should have gone in favor of the defendant. The agreement shows in every line the effort of the draftsman to give to the transaction the form and character of a lease. We need not stop to consider how far this effort was successful. Whether the writing be, in legal contemplation, a contract of lease or one of conditional sale, the plaintiff must rest his claim of possession upon its terms alone. By the express provisions of the agreement he was entitled to possession only so long as he complied with his obligation to pay the installments upon the dates when they fell due. Failing in this, the defendant was entitled to retake the property, of which he was and remained the owner. The prosecution of an action on the overdue notes did not affect the right of possession, since, as we have seen, the parties expressly stipulated that the termination of the lease (or agreement) should not relieve the plaintiff from the obligation to pay any sums then due. In suing on the notes, while still retaining possession of the automobile, the defendant was merely exercising rights, which, under the agreement, were concurrent and not alternative. The rules governing the decision are declared in *Muncy* v. *Brain,* 158 Cal. 300, [110 Pac. 945], which, in its essential aspects, is not distinguishable from the case at bar.

The judgment is reversed.

Richards, J., *pro tem.,* and Shaw, J., concurred.