[Civ. No. 1860.  Third Appellate District.—June 10, 1919.]

M. DOI, Appellant, v. J. B. McMURRY, Respondent.

[1] LANDLORD AND TENANT—LEASE OF ORCHARD—RIGHT OF LESSOR TO CARE FOR PREMISES—CONSTRUCTION OF LEASE.—A provision in a lease of a fruit orchard giving the lessor the right to employ one or more men properly to care for the premises and charge the expense to the lessee is for the lessor's benefit, and does not have the effect of relieving the lessee from the duty of performing his covenants, nor acquit him of liability for damages caused by his breach of the contract.

[2] ID.—CARE BY LESSOR—RELEASE OF LESSEE.—Such lessor in hiring one or more boys for a short time to assist in thinning the fruit did not thereby elect to take the full responsibility for this branch of the work, and thereby relieve the lessee from the performance of his contract obligations.

APPEAL from a judgment of the Superior Court of Placer County.  J. E. Prewett, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Fred J. Harris for Appellant.

Ben P. Tabor for Respondent.

CHIPMAN, P. J.—Plaintiff leased from defendant a fruit orchard of about twenty acres for the term of three years from October 16, 1916, agreeing to pay as rental

the annual sum of one thousand dollars. The lease provided that "all of the fruit produced upon the premises hereby leased must be delivered to the Auburn Fruit Exchange in the name of the party of the first part (J. B. McMurry), all transactions, accounts, statements, account sales, and checks to be issued in the name of the party of the first part." The complaint alleged that the fruit crop of 1917 was so delivered and the defendant received therefor the sum of $4,493.36, that a portion of this was paid to plaintiff, but that the defendant withheld the sum of $639.92, which, together with an unknown amount for rebate, is due the plaintiff. The prayer was for an accounting and a judgment for whatever amount was found due. The answer claimed that no amount was due plaintiff in consequence of certain services performed for him by defendant and his wife and by reason of damage done to the orchard through the want of proper care and attention on the part of plaintiff. Affirmative relief was, indeed, therein demanded and the same matters were set up by way of cross-complaint, and therein it was sought to have the lease rescinded and defendant restored to the possession of the land, together with damages for said injury. However, it appeared at the trial that an agreement had been reached by the parties for the restoration of the premises, and that feature was consequently eliminated from the case. The court found that the value of the services performed for plaintiff as aforesaid and the amount of the damages suffered by defendant equaled the amount due plaintiff under said lease, and rendered judgment for defendant for costs. After an examination of the record, we may say that there is substantial support for the finding that said services were rendered as claimed and were of the value charged against the plaintiff. The doubtful proposition relates to the sum of $481.59, which was allowed as an offset for injuries done to the premises. While the answer refers to several particulars in which plaintiff failed to comply with his agreement as to the care of the place, it is quite apparent that said award was made principally for his failure to thin the growing fruit and thereby allowing many limbs to be broken and the trees greatly injured.

[1] When the case was first before us we gained the impression, and so decided, that because the lease provided

that the lessor had the right to employ one or more men properly to care for the premises (which we assumed included the right to thin the fruit) and charge the expense to the lessee, the lessor was "thereby charged with the ultimate responsibility for the proper thinning of the fruit." This view was somewhat contributed to by the fact that the lessor had caused some thinning to be done and had done some other work in the orchard and that he seemed to be aware of the necessity for better thinning being done than the lessee was doing. Upon further reflection we think we were in error. This right of supervision to some extent and the right himself to assist in harvesting the crop or thinning the fruit was, we think, for the lessor's benefit, and was not intended to nor did it have the effect of relieving the lessee from the duty of performing his covenants, nor acquit him of liability for damages caused by his breach of the contract. While by an abandonment of the work by the lessee or by his doing the work in such a way as to cause great damage the lessor might for his protection have elected to do all the work, he was under no obligation to do so, and his failure to do it would not relieve the lessee from the performance of his contract obligations. Any other view would make it to the lessee's possible advantage to neglect his work, sit idly by while the lessor is performing the duties of the lessee and at the same time claim the fruits of the lease, thus casting upon the lessor the entire burden of the lease.

Appellant thus states his position: "We do not mean to contend that there is not available an election of remedies to the injured party in proper cases, but we do say that an election, once made, binds the person making it to the exclusion of all others. Particularly is this the case when the election is made in conformity to the written terms of the lease to which he is a party. And where a party has an election of two remedies, each being inconsistent with the other, the plaintiff may elect which he will pursue, but he cannot have both." As we understand, appellant's application of this statement is this: That in assuming to do some of the work in the orchard which he deemed necessary for its protection against damage respondent made an election of remedies open to him and thereby released appel-

lant from all claims for damages caused by appellant's breach of his contract."

That we may have a clear view of appellant's position we quote further from his brief: "By solemn agreement he [respondent] stipulated therein what the remedy for a breach of its terms would be. This remedy is exclusive of all others. If the premises were not being conducted according to the stipulations in the lease he was bound under it to take charge of the orchard, and if any damage resulted while he was in charge, the loss would be the result of his own negligence. If he elected not to take charge of the place, knowing that waste was being suffered or injury done thereto, then he waived his right and remedy under the lease and cannot complain if he chose not to protect his interest."

The court found, upon sufficient evidence, though not free from conflicting evidence, that the work done by respondent was at appellant's request and in the accounting respondent was given credit for it. The court also found, upon sufficient evidence, that, through the negligence of appellant to do certain work, which the contract provided he was to do, certain damages resulted to the trees. These damages arose partly from improper pruning, but chiefly from failure properly to thin the fruit, thus causing the limbs to break and to injure the trees and to diminish materially their productiveness. **[2]** We do not think that because respondent, as he had the right to do, hired one or more boys for a short time to assist in thinning the fruit, he thereby elected to take the full responsibility of this branch of the work. He was all the time urging appellant to do this work, and at no time did he give appellant cause for assuming that he was relieved from his obligations in this regard.

In considering the evidence, conflicting as it was, as to the various matters the subject of the accounting, appellant's argument harks back to his construction of the lease, which we think is not warranted. We can discover no place for the application of the doctrine of election as was applied in *Holt Mfg. Co.* v. *Ewing,* 109 Cal. 353, [42 Pac. 435], and similar cases cited by appellant. In the Holt case plaintiff made a conditional sale of a machine. The purchaser died leaving the last payment unmade. Plaintiff filed a claim

against the estate for the amount and it was allowed by the administrator and the court and thereby became in effect a judgment. Plaintiff subsequently brought an action to recover the machine for breach of the contract of sale. Said the court: "The so-called lease was in fact a conditional sale, under the terms of which the seller had either one of two remedies for the violation of the contract by the purchaser. It might, upon the default of the purchaser in meeting the stipulated payments, or any of them, have retaken the property or recovered its possession in an action of claim and delivery; or, on the other hand, treated the sale as an absolute one, and brought its action upon the notes to recover the contract price of the property sold. These remedies being inconsistent, the plaintiff could elect which he would pursue, but he could not have both. (*Parke & Lacy Co.* v. *White River Lumber Co.*, 101 Cal. 37, [35 Pac. 442], and cases there cited.)" Obviously plaintiff could not have a judgment against the property of the deceased for the amount due him and also have the machine. No such inconsistency of remedies as was present in that case exists here. Indeed, according to appellant's view, as we understand it, respondent had no choice in the matter. If he took charge of the orchard he thereby relieved appellant of responsibility, and if he failed to do so he thereby waived all right to damages. In point of fact he made no election.

The case is by no means complicated. The fruit grown by appellant was marketed as the lease provided and certain of the proceeds paid over to appellant, respondent withholding his rentals, also the amount due for services rendered, and also an amount claimed as damages to the premises. The court, upon the evidence submitted at the trial, found the balance due appellant in the accounting and also found that the amount due respondent for services and the damages caused by appellant's failure to care for the orchard equaled the amount due to appellant and rendered judgment for respondent for costs.

We can discover no just ground for arriving at a different decision. The judgment is affirmed.

Hart, J., concurred.

BURNETT, J., Concurring.—I concur. After more deliberate consideration, I am satisfied that the controlling principle is as stated by the presiding justice.

If the parties had intended to relieve the lessee from liability for any default in case the lessor with knowledge thereof failed to avail himself of the privilege of doing the work himself, it is fair to assume that they would have expressed such intention. We must gather their intention from the language of the instrument itself, 'and so viewing the situation, it seems reasonable to hold that the lessor did not, by his inaction, waive his right to claim damages from the lessee. As a matter of equity it is to be remembered that the proposition involves the willful violation of his covenant on the part of the lessee and no more than the failure to exercise a privilege on the part of the lessor. It is, therefore, morally as well as legally right that the latter, on the showing made, should be permitted to recover the amount of the damage actually suffered by him.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 7, 1919.

All the Justices concurred.