[L. A. No. 5245.   Department Two.—August 18, 1919.]

## I. SILVERSTIN et al., Respondents, v. KOHLER & CHASE (a Corporation), et al., Appellants.

[1] Conditional Sale—Contract in Form of Lease.—An agreement in the form of a lease of personal property is a conditional sale and not a lease, where the instrument provides for the payment of monthly installments until all of the "rental" with interest thereon is paid, when a bill of sale is to be made upon the payment of one dollar, and further provides that in case of refusal to accept delivery, or failure to pay any installments, or in case of any other violation of the agreement, all of the rental, at the option of the seller, shall become immediately due and payable, and he may at his option enforce payment of the full amount unpaid or take possession of the property.

[2] Id. — Action for Installment Payments — Subsequent Defaults—Right to Retake Possession.—Where, under such an agreement, the seller sues for installments of the purchase price which are due and allows the purchaser to remain in possession, he does not thereby confirm the title in the purchaser, and where there are subsequent defaults, the seller still has the right under the terms of the agreement to retake possession, and such taking, even though forcible, does not amount to a conversion of the property.

[3] Appeal—Judgment—Insufficiency of Evidence—Record.—An attack upon a judgment for personal injuries because of an alleged failure of the evidence to support the finding cannot be considered on appeal where the appeal is based on a typewritten transcript and the evidence on that subject is not printed in the brief, as required by law.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Leslie R. Hewitt, Judge.   Modified.

The facts are stated in the opinion of the court.

Lewis Sherman Jones, G. C. Ringole and H. A. I. Wolch for Appellants.

Drew Pruitt and John Dennison for Respondents.

WILBUR, J.—Plaintiffs, husband and wife, brought this action to recover from defendants the value of a certain piano

belonging to the plaintiffs, alleged to have been converted by the defendant, and for damages for personal injuries suffered by the plaintiff Ida Silverstin at the time of the forcible taking of such piano, and for punitive damages. The court rendered judgment for $350, the value of the piano, and for $150 actual damages for personal injuries suffered by the plaintiff Ida Silverstin. The controversy between the parties grows out of an agreement entered into between defendants' assignor, S. Borax & Co. and I. Silverstin, relating to said piano, dated October 10, 1913. This contract purports to lease the piano in question for five hundred dollars, $110 of which is acknowledged to have been received, and the balance of $390 agreed to be paid in monthly installments of $10, commencing on the first day of November, 1913. The contract also provides:

"3rd. When all of said rental with interest thereon as aforesaid is paid, then upon the payment by me of one dollar, as consideration therefor, the title of said instrument is to be vested in me, and S. Borax & Co. is to give me a bill of sale of the same.

"4th. It is also agreed that in the event that I shall refuse to accept delivery of said instrument, or fail to pay either of said monthly installments, or interest thereon at maturity, or violate any provision of this lease, then at the option of S. Borax & Co. all of said rental, together with interest thereon as aforesaid, shall in either of said cases immediately become due and payable, and S. Borax & Co. may at its option upon such default enforce payment of the entire sum then unpaid and interest thereon, or S. Borax & Co. may, at its option, take possession of said instrument and cancel this lease, and in that event I hereby agree to surrender and return said instrument to it in as good condition as when received, customary wear by careful usage excepted."

S. Borax & Co. assigned their interest in the contract and in the piano to the defendants Kohler & Chase. The plaintiffs paid $20 and no more. In June, 1915, defendant sued I. Silverstin for the monthly payments then due, amounting to $140 principal and $27.30 interest, obtaining a judgment therefor, which judgment has never been paid. Plaintiffs failed to pay any subsequently accruing installments and on July 19, 1916, defendants took possession of the piano. It is asserted that the trial court decided the case on the theory that the contract in question was a conditional sale; that the

sellers by bringing suit for the installments of the purchase price elected to recover the purchase price, thereby confirming title in the plaintiffs, and thereafter had no right to recover possession of the property and that their act in taking possession thereof was a conversion of the property.  [1]  This agreement is a conditional sale of the piano, although in form a lease.  (*Van Allen* v. *Francis,* 123 Cal. 474, [56 Pac. 339]; *Perkins* v. *Mettler,* 136 Cal. 100, [58 Pac. 384]; *Lundy Furniture Co.* v. *White,* 128 Cal. 170, [79 Am. St. Rep. 41, 60 Pac. 759]; *Muncey* v. *Brain,* 158 Cal. 307, [110 Pac. 945]; *Wiley B. Allen Co.* v. *Wood,* 32 Cal. App. 76, [162 Pac. 121]; *Adams* v. *Anthony,* 178 Cal. 158, [172 Pac. 592]; *American Can Co.* v. *White,* 130 Ark. 381, [197 S. W. 695]; *Young* v. *Phillips,* 203 Mich. 566, [169 N. W. 822].)  The authorities throughout the United States are not uniform on the question as to when a vendor in a conditional sale must be held to have elected to pursue the remedy of collecting the purchase money rather than the recovery of the property itself.  In many states it is held that where the full amount of the purchase price is due and the seller brings an action to recover the same, he thereby confirms the title in the purchaser.  This rule has been recognized in this state.  (*Parke etc. Co.* v. *White River Lumber Co.,* 101 Cal. 37, [35 Pac. 442]; *Holt etc. Co.* v. *Ewing,* 109 Cal. 357, [42 Pac. 435]; *Bailey* v. *Hervey,* 135 Mass. 172; *Frisch* v. *Wells,* 200 Mass. 429, [23 L. R. A. (N. S.) 144, 86 N. E. 775]; *Galbreath* v. *Mayo* (Okl.), 174 Pac. 517, and cases cited; *Jordan* v. *Peek,* 103 Wash. 94, [173 Pac. 726].)  In *Parke etc. Co.* v. *White River Lumber Co., supra,* we followed the Massachusetts rule as announced in *Bailey* v. *Hervey, supra.*  That court in a recent case has clearly indicated the difference between a suit for the whole purchase price under such a contract after the entire purchase price has become due, and such an action for a part of the purchase price where some of the installments alone are due.  (*Russell* v. *Martin,* 232 Mass. 379, [122 N. E. 447].)  In that case it was said: "The plaintiff [vendor] undoubtedly could have sued on each note as it fell due and still retained title."  It was expressly so held in *Haynes* v. *Temple,* 198 Mass. 372, [84 N. E. 467].  The recovery of possession of the property and of the purchase price thereof are not always inconsistent remedies under such contracts.  In recent decisions of this court we have pointed

out that the retaking of possession by a seller under a conditional sale for default of the purchaser is not always to be considered an election to waive pursuit of the purchase price, and may be entirely consistent with the rights of the purchaser to recover such price. (*Matteson* v. *Equitable M. & M. Co.*, 143 Cal. 436, [77 Pac. 144]. See, also, *Muncey* v. *Brain, supra; Adams* v. *Anthony, supra.*)

[2] In the case at bar the seller sued for installments of the purchase price which were due under the terms of the contract, and allowed the purchaser to remain in possession according to the contract. There was nothing in this inconsistent with the terms of the contract. The money was due, by its terms, and the seller had a right to recover the same. (Civ. Code, sec. 1047.) Such recovery was not inconsistent with a continuing contract between the parties. (*Peurrung* v. *Carter-Crume Co.*, 110 Fed. (S. D. Ohio) 107.) There is no difference in principle, in favor of the purchaser, between such recovery of the installments due and the payment of those installments by the purchaser without suit. The seller was not, therefore, put to his election between two inconsistent remedies. If he had exercised the option given him under the contract to declare the whole of the purchase price due, and sued for the amount, the situation would have been entirely different, under the authorities cited. Here he acted in accordance with the contract. When, therefore, the purchaser subsequently defaulted in the payment of other installments, defendants had a right under the terms of the contract to retake possession, and such taking, even though forcible, did not amount to a conversion of the property. (38 Cyc. 2021, note 10.) Plaintiff's judgment, therefore, for the value of the piano, upon the theory that the title thereto had passed to the purchaser by reason of the seller's suit to recover installments of the purchase price is erroneous. Defendants are only liable for the assault upon the person of the plaintiff Ida Silverstin, as they were only justified in taking possession of the property without process of law, where such possession could be secured peaceably. (*Rosenthal* v. *McMann*, 93 Cal. 505, [29 Pac. 121].)

The judgment for the personal injuries suffered by the plaintiff Ida Silverstin is attacked because of an alleged failure of the evidence to support the finding. [3] This point cannot be considered for the reason that the appeal is based

on a typewritten transcript and the evidence on that subject is not printed in the brief, as required by law. (Code Civ. Proc., sec. 953c.)

The judgment is modified by reducing the amount thereof to $150, with interest from the date of the judgment, and is affirmed as modified, appellant to recover costs of appeal.

Lennon, J., and Melvin, J., concurred.