.[S. F. No. 9931. In Bank.—April 27, 1923.]

## A. P. YOUMASHEF et al., Appellants, v. FRED WEIS-GERBER, Respondent.

[1] CONTRACTS—CONDITIONAL SALE AGREEMENT—PURCHASE OF FURNISHINGS AND LEASE OF APARTMENT HOUSE—CONSTRUCTION.—An agreement wherein certain parties agreed to sell and another agreed to buy furnishings and fixtures in an apartment house and a lease of the premises for a payment down and the balance in installments, and providing that if any installment of principal or interest was unpaid for thirty days after it was due, then the whole amount of principal and interest remaining unpaid should forthwith become due and payable at the election of the sellers, and that the buyer should pay the rent and bills in the conduct

of the apartment house, and further providing for the delivery of a bill of sale to the buyer upon full compliance with his part of the agreement and for a forfeiture of all moneys paid by the buyer and surrender of possession of the premises and property in case of default by the buyer, is an agreement of conditional sale with the title remaining in the vendors and apparently with the possession surrendered to the vendee.

[2] ID.—DEFAULT OF VENDEE—REMEDIES OF VENDORS.—Under such an agreement the vendors, upon the default of the vendee, had a right to sue for the balance of the purchase price or to recover the possession of the personal property.

[3] ID. — ACTION BY VENDORS — PLEADING — INSUFFICIENCY OF COM-PLAINT—JUDGMENT.—In an action by the vendors under such agreement against the vendee for the alleged default of the latter, the plaintiffs were not entitled to a judgment for the balance due them under the agreement, where they did not pray for the recovery of such balance in their complaint, nor did the complaint state a cause of action to recover the possession of the property, because it contained no allegation that the defendant was in the possession thereof or that the plaintiffs had demanded the possession of the property, nor did the plaintiffs pray for judgment awarding them the possession of the property.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry B. Lister for Appellants.

Edward J. Linforth for Respondent.

WILBUR, C. J.—The plaintiffs entered into a contract with the defendant on the twentieth day of January, 1920, wherein the plaintiffs agreed to sell and the defendant agreed to buy the furnishings and fixtures contained in the Arcadia Apartments, 522 Hyde Street, San Francisco, and also the lease of said premises. Defendant paid $7,500, and the balance of the purchase price, amounting to $1,250, with six per cent interest on the deferred payments, was to be paid in monthly installments of $150 each for five

2.  Election of remedies on breach of contract of conditional sale, notes, 1 Ann. Cas. 268; 16 Ann. Cas. 1057; Ann. Cas. 1917D, 464.

months, and at the end of the sixth month the balance of principal and interest was to become due. It was agreed that if any installment of principal or interest was unpaid for thirty days after it was due, then the whole amount of principal and interest remaining unpaid should forthwith become due and payable at the election of the holder of this agreement. The defendant agreed to pay the rent of the apartments and pay all bills incurred in conducting the apartment house business. The plaintiffs agreed to deposit the bill of sale subject to a chattel mortgage on the furnishings and fixtures to secure the payment of rents ''on the following terms and conditions, to wit: If the party of the second part [defendant] shall pay all money due and to become due as herein provided, and faithfully comply with each and all of the covenants herein contained, then in that event said bill of sale above referred to is to be delivered by the said Italian American Bank to the party of the second part [the defendant] or his agents, on demand.'' It was further agreed by the defendant in case of a default in the payment of any installment for thirty days, ''then in that event all moneys paid hereunder shall be forfeited to the party of the first part as liquidated damages, for nonfulfillment of this agreement, and as for rent for the use of said premises, and does hereby agree to peacefully surrender possession of the premises herein described, and the furnishings described in the inventory hereunto annexed, to the holder of this agreement.'' It was agreed that title should remain in the plaintiffs.

The plaintiffs brought this suit claiming that the defendant had defaulted in the payment due April 20, 1920, to the extent of $50, and alleged that said default had continued for more than thirty days. The defendant answered and filed a cross-complaint alleging damages for fraud. The trial court found that all of the allegations of the complaint were true and that none of the allegations of the answer or cross-complaint was true and rendered judgment that the plaintiffs should take nothing by their action. From this judgment the plaintiffs appeal on the judgment-roll alone.

The plaintiffs insist that the action is one for the foreclosure of an equitable mortgage. The only thing that

bears this out is the prayer of the complaint for a judgment foreclosing all of defendant's equity in the property described in the agreement and for an order compelling the defendant to reconvey the property immediately to the plaintiffs. [1] The agreement was a conditional sale with the title remaining in the vendors and apparently with the possession surrendered to the vendee. [2] The vendors upon default had a right to sue for the balance of the purchase price or to recover the possession of the personal property (*Silverstein* v. *Kohler & Chase,* 181 Cal. 51 [9 A. L. R. 1177, 183 Pac. 451]). The plaintiffs did neither. They did not pray for the balance due under the contract, which, at the time of the filing of the amended complaint, was the full balance of the purchase price, nor did they ask for the possession of the property.

[3] It is clear that the plaintiffs were not entitled to a judgment herein for the balance due them, for they did not pray for the recovery of such balance. They were satisfied to retain the amount already paid them and sought to secure the title to the property which they had sold to the defendant, but, according to their own allegations, they already had such title and consequently did not need the interposition of the court to secure that title in themselves. The complaint did not state a cause of action to recover the possession of the property, because it contained no allegation that the defendant was in the possession thereof, or that the plaintiffs had demanded the possession of the property, nor did the plaintiffs pray for judgment awarding them the possession of the property.

The complaint failed to state a cause of action, and in consequence the judgment of the trial court that the plaintiffs take nothing by the action was not erroneous.

In the presentation of this matter in the briefs both parties have stated facts not shown by the record. The appellants excuse themselves for not bringing up a transcript of the evidence on the ground that the transcript would cost more than the amount involved in the action. They also claim that the defendant sold the property and that by an agreement between the parties the sum of $1,000 from such purchase price was deposited with the clerk to pay the balance of $850 due the plaintiffs in the event it should be determined that the defendant's claims for dam-

ages were not sustained. The respondent claims that the plaintiffs refused to accept a judgment for the balance due or to accept payment of the $850. This the appellants deny. None of these matters is properly before us for our consideration.

The appellants have failed to show that the judgment of the trial court was erroneous and the judgment must be affirmed.

Judgment affirmed.

Myers, J., Lennon, J., Lawlor, J., Seawell, J., Kerrigan, J., and Waste, J., concurred.