[Civ. No. 4236.    Second Appellate District, Division Two.—May 9, 1927.]

## H. L. COVINGTON, Appellant, v. J. D. LEWIS et al., Respondents.

[1] SALES—CONDITIONAL SALES CONTRACT OF AUTOMOBILE—DEFAULT BY VENDEE—CONDUCT OF VENDOR—ELECTION OF REMEDIES—CHATTEL MORTGAGES.—Where a vendor of an automobile under a conditional sales contract giving the right upon default to retake possession of the automobile or sue for the entire purchase price, after default by the vendee, demanded redelivery of the automobile from the vendee, who assented, and, after such demand and assent, allowed the vendee to drive the automobile to an agreed place where it was taken by one who claimed a lien for repairs, and thereafter such vendor commenced an action against the vendee and said lien claimant to recover possession of the automobile or its value, wherein it was found that the claimant converted the automobile to his own use and judgment was rendered against such claimant for the value of the automobile, the assent of the vendee to the demand for redelivery and his subsequent action with respect thereto, plus the action against such claimant, amounted to an election by the vendor under the contract such as to defeat an action by him to foreclose a chattel mortgage on a cotton crop executed by the vendee contemporaneously with the conditional sales contract to secure the price of the automobile.

[2] ID.—CONTRACTS—OPTION—REMEDIES—ELECTION.—Where the seller under a conditional sales contract is given the option to retake possession or sue for the entire purchase price, he must elect which of the remedies he will pursue.

[3] ID.—ACTION TO FORECLOSE CHATTEL MORTGAGE—JUDGMENTS—EVIDENCE.—In such action by the vendor to foreclose the chattel mortgage on the cotton crop, his contention that by reason of the

1. Resort to one remedy when bars the prosecution of another, note, 1 Am. St. Rep. 626. Effect of retaking of property by seller on the rights and remedies of the parties to a contract of conditional sale, note, L. R. A. 1916A, 915. See, also, 24 R. C. L. 483.

2. Election of remedies on breach of contract of conditional sale, notes, 1 Ann. Cas. 268; 16 Ann. Cas. 1057; Ann. Cas. 1917D, 464. See, also, 22 Cal. Jur. 1109; 24 R. C. L. 482. Taking possession of property by conditional sale vendor as affecting action previously commenced for purchase price, note, 23 A. L. R. 1462. Conditional vendor's action for purchase price as waiver of right to reclaim property, note, 12 A. L. R. 503. See, also, 24 R. C. L. 483.

fact that he did not actually recover possession of the automobile from the lien claimant he is entitled to the difference between the amount of the judgment rendered against such claimant in the conversion action and the selling price of the automobile cannot be sustained, where the trial court found upon sufficient evidence that the vendor exercised his option under the contract and that on the following day said claimant converted the automobile, which was of a specified value.

(1) 35 Cyc., p. 697, n. 16.   (2) 35 Cyc., p. 696, n. 14.

APPEAL from a judgment of the Superior Court of Kern County.   T. N. Harvey, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Earl D. Finch for Appellant.

W. A. McGinn and Thomas Scott, Jr., for Respondents.

THOMPSON, J.—On July 17, 1920, plaintiff sold to defendant Lewis an automobile for the agreed price of fourteen hundred dollars on a conditional sales contract containing the following language: "Should the second party make default in the payment of any of the said several amounts when due, or in the event of the second party's failure to perform any of the conditions and covenants herein contained, or in the event that the second party shall become financially involved or insolvent, or in the event the second party shall fail to pay the cost of said insurance, without notice or demand, all payments herein provided for shall be due and payable at once, or the first party may immediately take possession of said property, whenever and wherever found, without process of law using all necessary force to do so, and all payments previously made by the second party shall be construed to be and applied as compensation for depreciation in value and for the use of said property, and the second party hereby waives and relinquishes all rights to the moneys so paid and all rights against the first party for taking possession of said property." Contemporaneously therewith defendant Lewis executed a chattel mortgage on certain cotton to secure his note for fourteen hundred dollars, the price of the automobile. The two instruments, of course, must be construed

together as constituting one agreement. About March 22, 1921, the defendant Lewis being in default under the contract, which provided that the entire purchase price should be payable December 15, 1920, the plaintiff met Lewis on the road and demanded redelivery of the automobile, to which demand Lewis assented. Thereupon the plaintiff asked the defendant Lewis, who, according to the testimony, had alighted from the machine during the conversation, to drive the car into town. Mrs. Lewis testified that after they reached town Covington told her to take it to some little garage, the name of which she could not remember. Mrs. Lewis told plaintiff that she had some eggs to deliver to Nugent and that they would have to go there first, to which plaintiff replied that it was all right. Lewis drove the automobile in front of Nugent's garage. Nugent thereupon asserted a lien for repairs, and, according to some of the testimony, had one of his helpers drive the car into his garage. Shortly thereafter plaintiff filed action against Nugent and Lewis to recover possession of the automobile or its value, the exact nature of the action being uncertain, and at the same time commenced this action to foreclose the crop mortgage. However, the uncertainty of the exact nature of the action is not important, because the maintenance of either action involved as a prerequisite the right of immediate possession. In the last-named action the respondent bank was made a party because of a lien claimed by it on the cotton. The action against Nugent and the defendant Lewis was first tried, in which it was found that Lewis had no interest in the automobile; that Nugent had converted the automobile to his own use; and judgment was rendered for plaintiff against Nugent in the sum of five hundred dollars, the value of the automobile as found by the court. In the present action, in which the findings in the former action were introduced, the court found that the plaintiff had exercised the option given to him by the contract on March 22, 1921, and ordered judgment to be entered for defendants. From this judgment plaintiff has appealed.

[1] The question presented is whether or not the assent of the defendant Lewis to the demand for redelivery and his subsequent action with respect thereto, plus the action against Nugent, amounts to an election under the contract such as to defeat the present action. We think it does.

[2] The law is well established in this state, where we have followed the Massachusetts rule, that in those cases in which the seller under a conditional sales contract is given the option to retake possession or sue for the entire purchase price, he must elect which of the remedies he will pursue. (*Parke etc. Co.* v. *White River L. Co.*, 101 Cal. 41 [35 Pac. 442]; *Silverstin* v. *Kohler & Chase*, 181 Cal. 53 [9 A. L. R. 1177, 183 Pac. 451]; *Holt Mfg. Co.* v. *Ewing*, 109 Cal. 356 [42 Pac. 435]; *Muncy* v. *Brain*, 158 Cal. 300 [110 Pac. 945].) Assuming that the finding of the court that Covington took possession of the automobile from Lewis is without support, yet if the judgment is otherwise supported and appellant's action amounted to an election the error is not fatal.

[3] Plaintiff recognizes this rule and argues that by reason of the fact that he did not actually recover possession from Nugent that he is entitled to the difference between the amount of the judgment against Nugent and the selling price. There seems to be equity in this assertion, but the court has found from sufficient evidence that plaintiff exercised his option on March 22, 1921; that on March 23, 1921, Nugent converted the automobile, which was of the value of five hundred dollars. Presumably the value fixed by the court was its actual value. If so, plaintiff's loss is not as great as would first appear. And, of course, plaintiff could not have maintained his action against Nugent unless he were entitled to possession (*Hilmer* v. *Hills*, 138 Cal. 134 [70 Pac. 1080]; *Suttori* v. *Peckham*, 48 Cal. App. 88 [191 Pac. 960]; *Carvell* v. *Weaver*, 54 Cal. App. 734 [202 Pac. 897]), and while he was entitled to possession upon default, an action founded upon that right was tantamount to an election. There are instances where the rule is not applicable, such, for example, as where an action is commenced for the installments as they fall due, which does not preclude the seller from subsequent repossession for default occurring thereafter (*Silverstin* v. *Kohler & Chase, supra*), or in those cases where the contract constitutes a lease and provides for redelivery to the seller on a day certain, with option thereafter to the lessee to purchase. (*Muncy* v. *Brain, supra; Adams* v. *Anthony*, 178 Cal. 158 [172 Pac. 593]); or in a case where the vendor retains a lien under section 3049 of the Civil Code with the contractual right to retake posses-

sion and enforce the lien. (*Matteson* v. *Equitable Min. & Mill. Co.,* 143 Cal. 436 [77 Pac. 144].) None of these cases assist the plaintiff in this action. He is governed by his contract and cannot bring himself outside the application of the rule.

Judgment affirmed.

Craig, J., and Johnson, J., *pro tem.,* concurred.