JAMES W. BAILEY *vs.* WILLIAM H. HERVEY & another.

Suffolk.   Jan. 11. — June 19, 1883.   FIELD & W. ALLEN, JJ., absent.

A. delivered goods to B. under a written agreement, which recited that B. had "hired and received" the goods from A., for which B. agreed to pay A. certain sums of money as "rent" at stated times, and "the balance," at a certain rate per month, "until paid;" that, upon default in making such payments, B.'s right to retain the goods should cease; and that title to the goods should vest in B. only upon performance of all the conditions of the agreement.  After failure by B. to make payments according to the agreement, A. brought an action against him for rent, attached his property by trustee process, and entered the action in court, and B. was defaulted.  A. then took possession of the goods, and afterwards prosecuted his action against B. to judgment, and took out an execution, upon which he collected a small sum of money from the trustee. *Held*, in an action by B. against A. for conversion of the goods, that A. had elected to treat the transaction between them as a sale, before reclaiming the goods; and that the title to the goods passed to B.

TORT, against William H. Hervey and Charles H. Pray, co-partners doing business under the firm name of William H. Hervey & Company, for the conversion of certain personal property.   The case was submitted to the Superior Court, and, after judgment for the defendants, to this court, on appeal, upon an agreed statement of facts, in substance as follows:

On or about May 25, 1877, the plaintiff and the defendant Hervey, who was then doing business under the name of W. H. Hervey & Company, entered into a written contract, altered, added to and re-executed on September 10, 1878, which recited that the plaintiff had "hired and received" from said firm certain goods enumerated, for which he agreed to pay them certain sums of money as "rent" at stated times, and "the balance," at a certain rate per month, "until paid;" that, upon default in making such payments, his right to retain said goods should cease; and that no title to the property should vest in him until he had performed all the conditions of the agreement, upon the performance of which the title should so vest.   The goods and chattels described in said contract were delivered to the plaintiff; and from the time of such delivery he continued to use the same until they were taken from him, as hereinafter stated.   The plaintiff made sundry payments on account of said contract, amounting in the whole to $128, for each of which a receipt was

given, acknowledging payment of the amount stated therein " on account of goods leased." After demands by Hervey for further payment, and neglect by the plaintiff to pay, Hervey brought an action on said contract against the plaintiff, by writ dated January 13, 1880, and made returnable to the following April term of the Superior Court for the county of Suffolk. In that action the Boston and Maine Railroad was summoned as trustee. The defendant Bailey did not enter an appearance, and was defaulted at the return term of the writ. At the following October term of said court, namely, on November 17, 1880, Hervey recovered judgment therein against the defendant, in the sum of $100.71, debt or damage, and $23.44, costs of suit, and execution issued on November 27, 1880 ; on which was received from the trustee by the attorneys of Hervey the sum of $5.07, of the fund attached in said suit, the receipt of which they acknowledged on the back of said execution, in part satisfaction thereof. The declaration in that action alleged the making of the contract, and its breach, and that the defendant owed the plaintiff $95.76, for " rent and interest," under the contract. Said judgment and execution remain wholly unsatisfied, except as to said $5.07.

On October 13, 1880, the defendants in this action, by their servants, acting or claiming to act by virtue of the contract, and under the license and power contained in the contract in case of the plaintiff's default as to payments to be made by him as provided in the contract, entered the plaintiff's house and premises, and took all of the articles enumerated in the contract which they could find, and being the same mentioned in the plaintiff's declaration, and carried them away, against the will and without the consent of the plaintiff, and converted the same to their own use.

After the contract was made, the defendant Pray became copartner of the defendant Hervey, and so was interested in the contract and in its performance, and was such copartner when the goods were taken.

If, upon these facts, the plaintiff was entitled to maintain his action, judgment was to be entered for him in the sum of $100 and costs ; otherwise, judgment for the defendants.

*J. Cutler*, for the plaintiff.

*J. B. Richardson*, for the defendants.

C. Allen, J. By the terms of the written agreement, the plaintiff was bound at all events to pay to the defendants the full amount at which the goods were valued, and upon such payment the title was to vest in him. This payment, therefore, constitutes the agreed price of the goods, and it is a misnomer to call it rent. The defendants would have no right to exact payment in full of the money, and also to reclaim the goods. When the plaintiff discontinued his payments on account, what was the legal position of the defendants? If it be assumed that they might, at their option, either reclaim the goods as their own property, without any obligation to account for their proceeds or value to the plaintiff, or that they might collect the price in full, it is plain that they were not entitled to do both. They could not treat the transaction as a valid sale and an invalid one at the same time. If they reclaimed their property, it must be on the ground that they elected to treat the transaction as no sale. If they brought an action for the price, they would thereby affirm it as a sale. Two inconsistent courses being open to them, they must elect which they would pursue; and, electing one, they are debarred from the other. Reclaiming the goods would show an election to forego the right to recover the price. But, instead of reclaiming the goods in the first instance, they brought an action against Bailey for the price, made an attachment of his property by trustee process, entered their action in court, and he was defaulted. They were thereupon entitled to judgment against him. Under this state of things, the action was continued to a later term of court, and after the lapse of several months, and after the commencement of the second subsequent term of court, the defendants, without discontinuing their action, or giving any notice to Bailey of an intention to abandon that remedy, took possession of the goods; and, after this had been done, they proceeded in their action to judgment, and took out execution, upon which they collected a small sum from the trustee. They had thus made a decisive election to treat the transaction as a sale, before reclaiming the goods; and, under such an election, the title passed to Bailey. *Butler* v. *Hildreth*, 5 Met. 49. *Arnold* v. *Richmond Iron Works*, 1 Gray, 434, 440. *Heryford* v. *Davis*, 102 U. S. 235, 246.

For these reasons, a majority of the court is of opinion that there must be *Judgment for the plaintiff.*