## FRANK E. WHITNEY *vs.* JOHN E. ABBOTT.

Suffolk.    January 15, 16, 1906. — March 2, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Sale,* Conditional.  *Attorney at Law.   Negligence.   Damages.   Evidence.*

If the vendor under a contract of conditional sale, which provides that the title to the article sold shall not pass to the purchaser until the purchase money has been paid in full, brings an action for the whole of the purchase money before all of the instalments are payable under the contract, this is an election to treat the sale as an absolute one, and on the bringing of the action the title passes to the purchaser.

If a gasoline engine is sold under a contract of conditional sale made by letter, which provides that the title to the engine shall not pass to the purchaser until the purchase money has been paid in full, and if the purchaser having received the engine refuses to sign the required contract and notes or to pay the money already payable under the contract, and the vendor employs an attorney at law to induce the purchaser to sign the contract and notes and to pay the money, and on the purchaser's refusal to do this authorizes the attorney to take such legal action as he may deem proper, but instructs him, whatever he does, to do nothing to lose the plaintiff's title to the engine, and thereupon the attorney brings an action against the purchaser for the whole of the purchase money although some of the instalments are not yet payable, thereby electing in the vendor's behalf to treat the sale as an absolute one and causing the title to the engine to pass to the purchaser, who shortly after becomes a bankrupt, the vendor in an action of tort for negligence against his attorney can recover the market value of the engine at the time the defendant caused the title to pass to the purchaser by bringing the action of contract. In such an action of tort the plaintiff properly may be allowed to put in evidence the contract which was prepared and signed by him and which the purchaser refused to sign.

TORT against an attorney at law for alleged negligence whereby the plaintiff lost a gasoline engine. Writ in the Municipal Court of the City of Boston dated February 18, 1903.

On appeal to the Superior Court the case was tried before *Stevens*, J. The plaintiff testified that there was a conditional sale of the gasoline engine by him to one Libbman as alleged in the declaration; that it was in writing, being contained in a letter from him to Libbman setting forth the proposed terms of the sale of the engine to him and in a letter of Libbman to the plaintiff in reply accepting the terms; that after the engine was delivered to him Libbman refused to sign the required contract, called a lease, and the required notes and failed to pay $125 required by the contract of sale; that in August, 1901, the plaintiff called upon the defendant as an attorney at law and told him the facts of the case; that he requested him to see Libbman and endeavor to induce him to execute the notes and the lease and to pay him $125; that some days after this interview the defendant reported to him that he had seen Libbman and that Libbman refused to execute the notes and lease; that thereafter the plaintiff had several interviews with the defendant in relation to the contract with Libbman in which he authorized the defendant to take such legal action as he might deem proper but instructed him, whatever he did, to do nothing to lose the plaintiff's title to the engine.

The original of the contract of conditional sale, called a lease, was offered in evidence by the plaintiff and was admitted by the judge against the objection and exception of the defendant. This was the lease prepared and signed by the plaintiff which Libbman refused to sign.

The plaintiff further testified that the defendant brought an action against Libbman in the Municipal Court of the City of Boston in which he sought in behalf of the plaintiff to recover the whole purchase money for the engine in the manner described in the opinion; that in February, 1902, Libbman went into voluntary bankruptcy, and the plaintiff contended that the defendant by bringing the action in the municipal court had deprived the plaintiff of his title to the engine.

The defendant testified on cross-examination that the testi-

mony of the plaintiff as to his statement of his claim against Libbman to the defendant before the action in the municipal court was substantially correct; that the defendant was of opinion at the beginning of the action of contract in the municipal court that the action would not affect the plaintiff's title to the engine; that he still was of opinion that the title to the engine was in the plaintiff and would remain in the plaintiff until satisfaction of the judgment in the action of contract.

At the close of the evidence the defendant requested, among others, the following instructions:

"1. The bringing of the action of contract did not hinder, delay or prevent the plaintiff from taking possession of or replevying the engine or pursuing any remedy against the engine that he had, if any, under the conditional sale to Libbman claimed by him.

"2. On the whole evidence the plaintiff is not entitled to maintain this action and the jury should return a verdict in favor of the defendant."

The judge refused these requests and "charged the jury, among other things, that if the plaintiff instructed the defendant to do nothing which would jeopardize his title to the engine and the defendant did not obey that instruction, and on account of such disobedience the plaintiff was damnified or injured, then the defendant was guilty of negligence and would be responsible for whatever damage might have followed on account of his act."

"The plaintiff had two remedies; that is to say, I don't mean to say as a matter of fact he had two remedies, but his claim was that he had two remedies. Of course that depends on whether this was an absolute sale or whether it was a conditional sale. The defendant says you ought not to be satisfied on this evidence it was a conditional sale; the plaintiff, on the other hand, says it was a conditional sale.

"Now, if it was a conditional sale, the plaintiff had two remedies. If the conditions of the sale were not complied with, if the money was not paid and the notes were not given, why then he had a right at any time to go and take possession of that property, if he could do so peaceably. If he couldn't, he had a right to replevy the property because the title was

in him; but he had a right to waive that, if he saw fit; although the title was in him, although he might have had a right to go and take the property if he saw fit to waive the conditions and to treat the sale as an absolute sale, to treat the defendant as a person who had the title in the property and to bring his suit for a breach of contract, why, he had a right to do that; but he would lose any benefit he might have had on account of the sale being a conditional one.

" Well, now, this action was brought by the defendant, who was the agent and attorney for the plaintiff, and the plaintiff was bound by his acts because he was acting within the scope of his authority when this action was brought.

" Upon the declaration in the suit in the municipal court that has appeared in this case, the plaintiff, through his attorney, recognized the title in Libbman so that he waived any rights he might have had under the conditions of the sale; if it was a conditional sale, and he wouldn't have had any right to have replevied the property and to have gone and taken it after that action was brought. So, when this action was brought against Libbman for the purpose of recovering the contract price of this machine and the price of putting it in, some extra charges, he lost his title to the engine.

" Now, was that the act of the defendant or was it the act of the plaintiff? And it becomes important now for you to consider the evidence on one side and on the other.

" Suppose the plaintiff is entitled to recover, how much should he have? Well, he should have, under the rules of law, whatever he may have been injured, the amount to which he may have been injured on account of the negligence of the defendant, if you find the defendant was negligent. The engine had been sold to Libbman; what was the engine worth, what was it worth at the time when this action was brought?" [That is the action of contract.] The judge gave further instructions as to the ascertainment of the market value.

The jury returned a verdict for the plaintiff in the sum of $500 ; and at the request of the defendant the judge reported the case for determination by this court. If the rulings or any of them were wrong there was to be a new trial; otherwise, judgment was to be entered on the verdict.

*W. A. Abbott,* for the defendant.

*J. J. Higgins,* for the plaintiff.

SHELDON, J.　The rulings asked for by the defendant were rightly refused, and the instructions given to the jury were correct.

There was evidence that the sale of the gasoline engine made to Libbman by the plaintiff was merely a conditional sale, that Libbman, though he had received and was keeping the engine, had refused to carry out his agreement by paying the cash and giving the notes which had been stipulated for, and that the plaintiff told the defendant he did not want the engine, but the money for it, but instructed the defendant to do nothing to lose the plaintiff's title to the engine. The defendant then brought an action against Libbman in behalf of the plaintiff, in which he sought to recover the whole purchase price of the engine, together with some other smaller items; and set out also in his declaration the alleged conditional agreement. This action the defendant brought on the seventeenth day of October, 1901; the last instalment of the purchase money under the conditional agreement was not to have been paid until the first day of the following December. No doubt, if the defendant had brought suit only for the instalments of the purchase money which had then become due, he would not have recognized Libbman's title in the machine, and would not have waived any of the plaintiff's rights under the conditional agreement or have lost the plaintiff's title to the engine. But the plaintiff's right to hold the title to the engine, existing only under the conditional agreement with Libbman, would necessarily be waived by any final election to treat the sale as an absolute one; and we think that when the plaintiff brought his action for the whole purchase money, — a part of it according to the conditional agreement not having come due, — attached property of Libbman, and took judgment against him on his default, this did amount to an election to hold Libbman for the price as the owner of the property, treating the sale as an absolute one, and so to a repudiation of the original conditional agreement. *Butler* v. *Hildreth,* 5 Met. 49. *Ormsby* v. *Dearborn,* 116 Mass. 386. *Seavey* v. *Potter,* 121 Mass. 297. *Bailey* v. *Hervey,* 135 Mass. 172. There is nothing in *Miller* v.

*Hyde*, 161 Mass. 472, relied on by the defendant, inconsistent with this doctrine. That case simply holds that the title to personal property which has been converted does not pass to the wrongdoer by the entry of a judgment against him for the value of the goods converted and a levy of the execution thereon, but remains in the plaintiff until he has received actual satisfaction. It goes upon the ground that by the modern rule the only election made by the plaintiff is that implied by law upon his receiving satisfaction for the value of his property. The case is put until actual satisfaction upon the same ground as a mere election of remedies not necessarily inconsistent with each other, and not involving the affirmance or waiver of any positive rights. *Connihan* v. *Thompson*, 111 Mass. 270, 272.

The instruction on the question of damages was correct. If the result of the failure of the defendant to comply with the plaintiff's instructions was to deprive the plaintiff of the title to the engine, the measure of damages was the market value of the engine at the time of bringing the action which deprived him of that right. *Gilbert* v. *Williams*, 8 Mass. 51. *Wilson* v. *Coffin*, 2 Cush. 316. *Ashley* v. *Root*, 4 Allen, 504.

The original lease or conditional agreement between Libbman and the plaintiff was rightly admitted in evidence. The plaintiff showed it to the defendant; it constituted a part of the case which the plaintiff gave to the defendant; and it was a part of the burden which the plaintiff assumed in this case to establish its existence as a valid agreement between Libbman and himself.

*Judgment on the verdict.*