ALICE M. SCHMIDT *vs.* ANDREW P. ACKERT & trustees.

Hampden. October 14, 1918. — November 27, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Sale*, Conditional. *Election. Contract,.* In writing, Implied in law.

Where chattels were sold under a contract of conditional sale calling for a total payment of $4,000, the title to remain in the seller until payment had been made in full, and where, after instalments had been paid amounting to $2,288.63, the buyer made default in the payment of the remaining notes and the seller took possession by an action of replevin .of what was left of the property in the hands of the buyer, this was an election by the seller to treat the transaction as no sale, and he cannot afterwards maintain an action of contract for the balance of the purchase money.

Where the buyer under a contract in writing for the conditional sale of chattels after a partial payment of instalments of the purchase money makes default and the seller takes possession of the chattels under the terms of the contract, the seller cannot maintain an action against the buyer to recover the value of the buyer's use of the chattels while in his possession in excess of the payments made by him, the rights of the parties being defined by their express contract in writing and there being no basis for such an implied contract to pay for the use of the chattels.

- CONTRACT to recover a balance alleged to be due on a sale to the defendant, by the plaintiff's husband and through a third person the plaintiff's assignor of certain livery stable property and equipment for $4,000, the defendant being credited with payments amounting to $2,288.63, and to recover also compen-

sation for the use of the plaintiff's property by the defendant.
Writ dated November 25, 1914.

The declaration contained two counts, the first for the amount
alleged to be due on certain unpaid promissory notes amounting
to $1,711.37, and the second count to recover for the value of the
use of the plaintiff's property by the defendant while in the de-
fendant's possession in excess of all payments made by the defend-
ant, the excess of such value being alleged to be $1,211.37.

The defendant demurred to the declaration alleging as causes
for demurrer the following:

"Count 1.

"1. Because the plaintiff, having elected to obtain the property
itself through replevin on account of default in the terms of the
agreement, cannot through a contract action obtain the amount
due by the terms of the agreement and represented by promissory
notes from the date of the said agreement to the time of the replevin
action.

"Count 2.

"1. Because the plaintiff, having elected to obtain the property
itself through replevin on account of default in the terms of the
agreement, cannot, through a contract action obtain a fair and
reasonable value for the use of said property over and above all
payments made under said agreement from the date of said agree-
ment to the time of the replevin action."

The case was argued on the demurrer before *Hamilton,* J., who
made an order overruling the demurrer.    The defendant ap-
pealed.

The defendant filed an answer containing a general denial and
an allegation of payment, and the case was tried before *Jenney,* J.
The facts which appeared in evidence are stated in the opinion.
At the close of the evidence the plaintiff asked the judge to make
the following rulings:

"1. Under the pleadings and evidence, the plaintiff is entitled
to judgment under the first count of the amended declaration for
the difference between the rental value of the property in question
accrued before the retaking of property on replevin and the agreed
amount of the defendant's payments, namely, $2,288.63.

"2. Under the pleadings and evidence, the plaintiff is entitled
to a verdict under the second count of the amended declaration

for the difference between the fair and reasonable value of the use of the property conditionally sold for the time that the defendant had possession of it, and the agreed amount of the defendant's payments, namely, $2,288.63.

"3. Under the pleadings and evidence the retaking by the plaintiff on replevin of a portion of the property in question does not as to the portion so retaken constitute such an election as to bar the recovery of such of the rental instalments as had accrued and become due and payable prior to the time of said retaking.

"4. Under the pleadings and evidence the retaking by the plaintiff on replevin of a portion of the property in question, does not constitute such an election as to bar the recovery of the reasonable value of the defendant's use and occupation of the chattels in question during the period of his use of them reduced by the amount of his total payments.

"5. Under the pleadings and evidence the plaintiff is entitled to judgment for the fair and reasonable value of the use of such portion of the property in question as was never returned or taken on replevin to the date of the writ in this action."

The judge refused to make any of these rulings and found for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*A. L. Green & F. F. Bennett,* for the plaintiff.

*R. J. Morrissey & J. L. Gray,* for the defendant.

DE COURCY, J. In substance the agreement between the plaintiff's assignor and the defendant contemplated the sale of horses, carriages and other livery stable property and equipment for the sum of $4,000. Five hundred dollars was to be paid at the time of the sale, November 2, 1911, and the balance in monthly instalments of $140, according to certain promissory notes given by the defendant. On the payment of the full amount the goods and chattels were to become the absolute property of the defendant. Although framed in the language of a lease, the contract plainly was one of conditional sale. *Hurnanen* v. *Nicksa,* 228 Mass. 346, 349, and cases cited.

On the maturity of any note except the last, the plaintiff might have brought suit upon such overdue note, and still have retained the legal title to the property. *Haynes* v. *Temple,* 198 Mass. 372. When the last note became due, on December 2, 1913, the plaintiff

had the choice of two remedies. She could then treat the sale to Ackert as an absolute one, and sue him for the unpaid purchase money, or she could reclaim the property as her own, and in accordance with the express provision of this agreement, retain the instalments already paid, amounting to $2,288.63. But she could not pursue both these inconsistent remedies. As matter of fact, on or about April 1, 1914, she repossessed herself of what was left of the property, by an action of replevin. Having thereby elected to treat the transaction as no sale, she is now debarred from collecting the purchase price in full, as she might have done if she had elected to treat the transaction as a valid and absolute sale. *Bailey* v. *Hervey*, 135 Mass. 172. *Whitney* v. *Abbott*, 191 Mass. 59. *Frisch* v. *Wells*, 200 Mass. 429.

The rights of the parties are defined by their express written agreement; there is therefore no basis for the claim of rental value under the second count. The parties have not argued the demurrer, as the issues raised thereby were also raised by the exceptions.

> *Exceptions overruled.*
> *Appeal dismissed.*