LEROY P. RUSSELL *vs.* SARKIS MARTIN & trustee.

Essex. January 22, 1919. — March 1, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Sale,* Conditional. *Election.*

Where under a contract of conditional sale of a chattel the price, which is a round sum, is payable in instalments, the first in cash and the others represented by seven promissory notes, and the title is not to pass until the last note is paid, if the buyer defaults on the cash payment by failing to make good a check which he has given for it and also fails to pay the first four notes as they fall due, and thereupon the seller brings an action of replevin for the chattel, he has elected to disaffirm the sale and he then or thereafter cannot maintain an action of contract on the check and the overdue notes.

CONTRACT on a check of the defendant dated March 23, 1917, for $50.50 and on four promissory notes, each for $50, payable respectively on April 8, May 8, June 8 and July 8, 1917. Writ in the First District Court of Essex dated July 11, 1917.

On appeal to the Superior Court the case was tried before *Dana,* J. The evidence is described in the opinion. The check and notes sued upon were given under a contract of conditional sale of a motor truck, which was as follows:

"Know all men by these presents

"That I, Sarkis Martin, of Salem, County of        and State of Massachusetts, have received and hired of Leroy P. Russell the following described automobile, to wit; 1917 Metz Truck, No. 39183, as is.

"For the use of the above mentioned automobile, and as rent for the same, I have this day paid to the said Leroy P. Russell the sum of Two Hundred Dollars, and I do further promise to pay to him, or his legal representatives, the sum of $425.00 Dollars, with interest as stated in my eight promissory notes of even date, payable as follows: $50.00 Mar. 8, 1917; $50.00 Apr. 8, 1917; $50.00 May 8, 1917; $50.00 June 8, 1917; $50.00 July 8, 1917; $50.00 Aug. 8, 1917; $50.00 Sept. 8, 1917; $75. Oct. 8, 1917; which I have executed and delivered to the said Leroy P. Russell as an evidence of the foregoing promise and as Collateral Security therefor, it being understood and agreed that when the full amount thereof or of any extension or renewal of any or all of said notes have been paid, said rent shall cease and the said automobile and the accessories thereon shall become my absolute property, but until the full payment thereof as aforesaid, said automobile and the accessories thereon shall remain and be the property of the said Leroy P. Russell.

"Provided, however, that I or my legal representatives may enjoy the use and possession of the said automobile until the breach of any of the conditions herein set forth.

"And in the event of my failure to pay said rent as aforesaid, the said Leroy P. Russell or his legal representatives may, without being deemed guilty of any trespass or tort, and without thereby rendering himself, or themselves, liable to refund any sums received by him, or them, as rent as aforesaid, enter any house or place where the said automobile or the accessories may be, and

take immediate possession of and remove said automobile and the accessories thereon therefrom.

"And I further agree that so long as said rent shall be payable as aforesaid, I shall not waste or destroy the said goods and chattels, nor suffer them or any part thereof to be attached on mesne process, nor sell, mortgage or re-let said automobile without notice to Leroy P. Russell of my intention so to do, or in the event of my failure to pay said rent, or upon breach of any other of my covenants and agreements hereinbefore set forth, I will, on demand, return the said automobile to the said Leroy P. Russell.

"Said car is leased as is, and no reference, representation, contract, agreement, promise, undertaking or understanding whatsoever not contained herein shall be binding upon the Lessor, or in any wise effect [*sic*] the validity of this contract or from any part thereof, but all statements made have been merged and set forth herein.

"I further agree that there are no collateral agreements nor misunderstandings whatsoever modifying or affecting the terms of the within lease, or my liabilities thereunder, and that there are no set-offs, counter-claims nor defenses thereto.

"Witness my hand and seal this Eighth day of February, 1917.

Sarkis Martin,

134½ Boston St., Salem, Mass."

The plaintiff brought an action of replevin for the motor truck, as stated in the opinion. The date of the writ of replevin was July 11, 1917, the same as the date of the writ in this action. If material to the determination of this case, it was agreed, that the replevin writ was served on July 13, 1917, at forty minutes past nine o'clock in the morning and that the writ in the present case was served upon the trustee in this action at twenty-eight minutes past ten o'clock in the morning on July 13, 1917, and upon the defendant on July 14, 1917. In the action of replevin judgment was entered in the First District Court of Essex on December 24, 1917. No appeal was taken therefrom.

At the close of the evidence the defendant made a motion that the judge should order a verdict for him. The judge denied the motion, and found for the plaintiff in the sum of $269.70 and costs, and by agreement of the parties the judge reported the case for determination by this court, with a stipulation of the parties that,

if upon the facts stated in the report the plaintiff was entitled
to recover upon all the counts of his declaration, judgment should
be entered for the plaintiff in the sum of $269.70 and costs. If not,
judgment was to be entered for the plaintiff in such amount as
might be found to be due, or for the defendant, as the case might
be.

*J. K. Tertzag*, for the defendant.

*J. C. Johnston*, for the plaintiff.

BRALEY, J.   It is settled, that where, as in the case at bar, a
chattel is hired for a stipulated sum, a part of which is paid in cash
when the bargain is struck, while the remainder is to be paid in
instalments according to the terms of eight promissory notes
given as collateral security for the price, each of which is for the
amount of one instalment, but the title is not to pass until payment
of the entire price, and, upon default in the payment of any in-
stalment the lessor has the right to take immediate possession,
the transaction is not a lease but a conditional sale.  *Hurnanen* v.
*Nicksa*, 228 Mass. 346.  *Barabe* v. *Duhrkop Oven Co.* 231 Mass. 466.

The defendant at the maturity of the first note gave his check
in payment, but the check, and the subsequent four notes as each
became payable, though duly presented for payment, were dis-
honored.   The defendant having defaulted, the plaintiff concur-
rently sued in replevin for the truck, and in contract, declaring
on the check and the overdue notes, and having obtained judg-
ment and possession of the truck in the action of replevin, he con-
tends that he also is entitled to judgment in the action of contract.

The plaintiff undoubtedly could have sued on each note as it
fell due and still have retained title.   But the sale, which was for a
round sum, was indivisible, even if the price was payable in in-
stalments, and the provision that title should remain in him was
for his own benefit.  *Donlan* v. *Boston,* 223 Mass. 285.   It was a
right which he could waive or assert at his option.   While he could
retake the truck, or sue on the overdue notes, he could not affirm
in part and disaffirm in part.  *Connihan* v. *Thompson,* 111 Mass.
270, 272.   The consideration of the contract wholly failed when
the plaintiff repossessed himself of the truck, just as it would have
failed if he had waited until all the instalments had matured
before he replevied and obtained judgment.  *White* v. *Solomon,*
164 Mass. 516, 521, 522.  *Perkins* v. *Grobben,* 116 Mich. 172, 176.

*McBryan* v. *Universal Elevator Co.* 130 Mich. 111, 115. *Minneapolis Harvester Works* v. *Hally,* 27 Minn. 495. *Manson* v. *Dayton,* 82 C. C. A. 588, 595.

The present action accordingly stands precisely as if it had been brought after the judgment in replevin and by suing to recover a portion of the consideration, or price represented by the notes, the plaintiff treated the contract as if it were an agreement for goods sold and delivered. The election to assert either right was an abandonment of the other as the remedies while alternative are fundamentally inconsistent, and for reasons stated in *Bailey* v. *Hervey,* 135 Mass. 172, *Frisch* v. *Wells,* 200 Mass. 429, and *Schmidt* v. *Ackert,* 231 Mass. 330, there can be no recovery for either the amount of the notes or of the check which stands no better than if it were a renewal note.

We find nothing inconsistent with this result in *Whitney* v. *Abbott,* 191 Mass. 59, where it was held that, if a vendor under a conditional sale brings an action for the whole of the purchase money before all the instalments are payable, he is held to have elected to treat the sale as absolute, or in *Haynes* v. *Temple,* 198 Mass. 372, where under the conditional contract there construed, it was decided that, although two of the notes had been satisfied, yet until all the notes were paid, title to a horse did not vest in the purchaser, and the vendor, who subsequently had retaken the horse, was not liable for conversion.

In accordance with the terms of the report judgment is to be entered for the defendant.

*So ordered.*