HARRY W. BEDARD *vs.* C. S. RANSOM, INC., & another.

Norfolk.    December 8, 1921. — March 6, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Sale*, Conditional. *Contract*, Of conditional sale, Validity.

A contract of conditional sale of a truck required the vendee, called therein the "Lessee," "to pay for the use of said property" a certain sum "as stated in the note of the Lessee . . . which is given by the Lessee and received by the Lessor [vendor] not as payment, but as evidence of the amount becoming due hereunder;" and provided that, "upon failure of the Lessee to carry out his part of this agreement all sums then remaining unpaid shall at once become due and payable. And in addition to re-possessing itself of said leased property the Lessor may also proceed to collect all sums then remaining unpaid which shall be considered as liquidated damages for the breach of the terms of this lease by the Lessee." *Held*, that the contract was valid.

The entire purchase price of a truck sold under a contract of conditional sale containing the provisions described above was $4,300. An initial payment of $1,234.66 was required, and the balance was to be paid by monthly instalments of $255.45. The vendee gave to the vendor as part of the initial payment a note for $1,200 secured by a mortgage of real estate. Three months after the conditional sale, the vendee being in arrears, the vendor took possession of the truck and assigned the mortgage to one who threatened to foreclose it. One to whom the vendee had conveyed his interest in the real estate and under the contract of conditional sale sought by a suit in equity to enjoin foreclosure of the mortgage and for an accounting. *Held*, that the contract

of conditional sale being valid and enforceable both by reclaiming of posses-
sion of the truck and by collection as "liquidated damages" of the entire un-
paid balance stated in the agreement, the bill must be dismissed.

BILL IN EQUITY, filed in the Superior Court on December 3, 1920, by the assignee of a purchaser of a Maccar truck by a contract of conditional sale against the vendor and the assignee of a mortgage and mortgage note given to secure payment of a promissory note given by the purchaser as part of an initial payment, the plaintiff seeking to restrain foreclosure of the mortgage and for an accounting.

The suit was referred to a master. Material facts found by the master are described in the opinion. The plaintiff objected and excepted to the report by reason of "the exclusion of evidence offered by the plaintiff to prove that when he made both payments on the second mortgage referred to in the master's report, to wit, $300 on May 3, 1920, and $300 on June 1, 1920, he did not know that the fact that the Maccar truck had been taken by the defendant affected the validity of said mortgage."

The suit was heard by *Sisk*, J., upon the master's report and the plaintiff's exceptions thereto, and by his order there were entered an interlocutory decree overruling the plaintiff's exceptions and confirming the report and a final decree dismissing the bill with costs. The plaintiff appealed.

*W. R. Bigelow*, for the plaintiff.

*E. D. Fullerton*, (*R. L. Robbins* with him,) for the defendants.

CARROLL, J. On January 25, 1919, one Chamberlain and the defendant corporation made an agreement for the conditional sale of a Truxtun truck. On May 29, Chamberlain and the defendant corporation entered into a conditional sale agreement for a Maccar truck, the price being $4,300. James A. Pekos joined in this agreement, but is not concerned with the result of the suit. The agreement between C. S. Ransom, Inc. "the Lessor," and Chamberlain and Pekos, "the Lessee," provides that "The Lessee agrees to pay for the use of said property Twelve hundred thirty-four 66/100 Dollars ($1234.66) on delivery, and the balance payable as stated in the note of the Lessee of even date herewith which is given by the Lessee and received by the Lessor not as payment, but as evidence of the amount becoming due hereunder;" and further, that "Upon failure of the Lessee to carry out his

part of this agreement all sums then remaining unpaid shall at once become due and payable. And in addition to re-possessing itself of said leased property the Lessor may also proceed to collect all sums then remaining unpaid which shall be considered as liquidated damages for the breach of the terms of this lease by the Lessee."

Instead of making an initial cash payment of $1,234.66, Pekos gave the lessor a second-hand automobile of the value of $500, and Chamberlain gave his note for $1,200 secured by a second mortgage on land in Dedham, described in the bill of complaint. The lessor returned to Chamberlain his note for $130 on the Truxtun truck, and there was an adjustment of insurance and interest. At the same time Chamberlain and Pekos gave the lessor a note for $3,065.40, the balance of the purchase price of the Maccar truck, payable in twelve equal monthly instalments of $255.45. On September 28, 1919, Chamberlain defaulted in the payment of this note, and the lessor took possession of the Maccar truck. In November of that year the defendant Ransom saw the plaintiff and stated he would foreclose the mortgage when due, unless paid; the plaintiff agreed that payments would be made, and in May, 1920, paid $300 and in the following June paid $300. On May 7, 1920, the plaintiff took title to the real estate in Dedham, subject to the mortgages, and November 24, 1920, Chamberlain assigned all his rights to the plaintiff. On June 2, 1920, the defendant Ransom took an assignment of the mortgage and mortgage note for $1,200, with full knowledge of all that had taken place before this time.

The plaintiff prayed that Ransom be restrained from assigning or foreclosing the mortgage on the plaintiff's real estate, and that he be ordered to discharge it and surrender the note for cancellation; that an accounting be had between the defendant and plaintiff and the defendant ordered to pay him the amount found due. In the Superior Court the plaintiff's exception to the master's report was overruled, the report was confirmed and the plaintiff's bill was dismissed; from which decrees he appealed.

In the contract for the conditional sale of the Maccar truck, it was expressly stipulated that upon failure of the lessee to carry out his part of the agreement all sums remaining unpaid should at once become due and payable; and in case possession was taken

by the lessor, "all sums paid by the Lessee shall be retained by the Lessor as rent for the use of said property" in addition to the right to recover possession of the property, the lessor was given the right to collect all sums remaining unpaid, which were agreed to be liquidated damages, for the breach of the contract. In *Russell* v. *Martin*, 232 Mass. 379, it was decided that if the seller under a conditional sale agreement recovers possession of the property in an action of replevin, he cannot in an action of contract recover the purchase price; and that he cannot pursue two inconsistent remedies. And in *Schmidt* v. *Ackert*, 231 Mass. 330, the plaintiff having recovered possession of the property in an action of replevin could not recover the purchase price. But the agreement for the conditional sale of the merchandise, in neither of these cases, gave the seller or lessor the right after repossessing the property to collect all sums due and remaining unpaid as liquidated damages for the breach of the contract by the lessee; and in this particular, the case at bar is distinguishable from *Russell* v. *Martin*, and *Schmidt* v. *Ackert*, *supra*. We think this provision of the contract giving the seller the right to recover the balance due as liquidated damages is valid, although the Maccar truck had been returned; and that the plaintiff could not prevent the collection of the amount due on the notes secured by the mortgage. The parties stipulated that the sum remaining unpaid, after the repossession of the automobile, was to be considered liquidated damages for the breach of the contract. There is no suggestion that this amount should be treated as a penalty, see *Putnam Machine Co.* v. *Mustakangas*, 236 Mass. 376, 378; and the question does not arise to what extent, if at all, the plaintiff could recover if the contract did not contain the provision that the amount remaining unpaid was to be paid as liquidated damages for the breach of the contract. A contract which requires the buyer or lessee to pay the full purchase price, when the property has already been returned, may be a hard and oppressive contract, especially where the property has not been damaged and the payments already made are adequate compensation for its use. On the other hand the parties were free to make such a contract. They have expressly agreed that all sums unpaid are to be considered as liquidated damages, to compensate the seller for the breach of the terms of the contract, which he is authorized to collect. They contracted

that the lessor had this right to recover and the contract is enforceable.

The plaintiff is not entitled to the relief sought. The decree of the Superior Court overruling his exception, confirming the master's report, and dismissing the bill must be affirmed with costs.

*So ordered.*