JOHN GOULLIOUS *vs.* ANNA CHIPMAN & others.

Worcester.    January 12, 1926. — May 26, 1926.

Present: BRALEY, CARROLL, WAIT, & SANDERSON, JJ.

*Election. Sale,* Conditional.

The bringing, by a vendor of personal property under an agreement of conditional sale, of an action at law against the vendee after default under the contract constitutes an irrevocable election to treat the transaction as a sale which passed the title to the goods, although no attachment of the goods is made in the action; and a subsequent purported conveyance by the vendor to the vendee gives the vendee no title sufficient to maintain a bill in equity against one claiming to hold title through conveyance made by the vendee previous to the action at law brought by the vendor.

BILL IN EQUITY, filed in the Superior Court on November 7, 1924, and afterwards amended, against Anna Chipman; and Festus L. McCann and Owen J. McCann, copartners, to enjoin the defendants McCann from foreclosing a mortgage given by the defendant Chipman upon one undivided

one-half interest in certain personal property at 29–31 High Street in Clinton, title to which was claimed by the plaintiff.

In the Superior Court, the suit was referred to a master. From the master's report it appeared that the interest in the personal property in question once had been owned by one Mary Goullious who in 1919 sold it by a contract of conditional sale to the plaintiff and one Harbatis. The plaintiff conveyed to Harbatis, who in 1920 gave a mortgage to one who foreclosed in 1921. The defendant bought from the purchaser at the foreclosure sale. In 1922, Mary Goullious brought an action at law against the plaintiff and Harbatis for the purchase price of the goods she had sold them on conditional sale. Harbatis successfully set up a discharge in bankruptcy. During the trial of the action against him, at the suggestion of the trial judge, Mary Goullious conveyed her interest in the property to the plaintiff in this suit and he relied on the title which he contended he thus acquired as a basis for his claim in this suit.

The suit was heard upon the master's report by *Hammond,* J., by whose order there were entered decrees confirming the report and dismissing the bill.

The case was submitted on a brief by

*M. M. Taylor,* for the plaintiff.

No argument nor brief for the defendants.

WAIT, J. It is not necessary to treat in detail the course of dealing with the property claimed by the plaintiff since it passed from Bassios in 1918. The plaintiff's right to maintain his bill rests on the effect of the action at law brought against him by Mary Goullious in January of 1922. By that action, which was brought long after all the payments to which she was entitled by her contract of conditional sale had become due, and which sought payment of the entire balance of the contract price, Mary Goullious made an irrevocable election to treat the transaction as a sale which passed the title to the goods. Such is the effect of our decisions. *Schmidt* v. *Ackert,* 231 Mass. 330, and cases there cited. *Bedard* v. *C. H. Ransom, Inc.* 241 Mass. 74. *Russell* v. *Martin,* 232 Mass. 379. Those decisions do not rest upon an intention to relinquish title in the seller manifested by an

attachment of the property sold. The decision in *Frisch* v. *Wells*, 200 Mass. 429, did not attribute any importance to the existence of an attachment. The essential element in the election is the intention manifested to treat the transaction as a sale rather than a special contract, and the action as a suit for the agreed price rather than for a breach or breaches of the contract.

After that suit was brought Mary Goullious had no title which she could transfer. The plaintiff in his brief has rested his right to maintain his bill upon the title obtained by her transfer. It fails.

The decree was right and the order must be

*Decree affirmed with costs.*