**NEW ENGLAND ROAD MACHINERY CO. v. VANDERHOOF.**

Circuit Court of Appeals. First Circuit.
May 17, 1927.

No. 2124.

1. Sales ⟐⟐477(4)—Seller's action in suing and attaching property sold conditionally held to constitute election to treat transaction as sale.

Seller's action in suing for purchase price of stonecrusher sold on conditional sale contract, and attaching and holding attachment until it was dissolved by bankruptcy of buyer, *held* to constitute an election to treat transaction as a sale, thereby waiving its right to reclaim property, in view of showing that there was no mistake in bringing suit thereon, except possibly mistake in strategy, or in judgment as to best method of securing or collecting overdue account.

2. Sales ⟐⟐477(4)—Suit for purchase price of article sold conditionally is "election" to treat transaction as sale.

Suit for the purchase price of an article sold on conditional sale contract constitutes an "election" to treat such transaction as a sale.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Election.]

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

Reclamation petition by the New England Road Machinery Company against Nelson B. Vanderhoof, trustee in bankruptcy of the Boston Trap Rock Company. Decree for defendant, and petitioner appeals. Affirmed.

Richard W. Hale, of Boston, Mass. (Joseph N. Welch, David Burstein, and Hale & Dorr, all of Boston, Mass., on the brief), for appellant.

Charles C. McCarthy, of Boston, Mass. (Brown, Field & McCarthy, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. The appellant filed a reclamation petition against the trustee in bankruptcy of the Boston Trap Rock Company, to recover a stone crusher sold the bankrupt on conditional sale in July, 1924. The referee denied the petition on the ground that the petitioner had by suit for the price waived its right to reclaim. The court below affirmed this decision, but permitted a rehearing for the ascertainment of additional facts concerning an argued mistake. On rehearing, the referee adhered to his former conclusion, which was affirmed by the learned District Judge. The gist of the appellant's assignments of error is that the alleged election was grounded in mistake and therefore invalid. The facts appear in the referee's certificates; the evidence is not reported.

The original agreement, made in July, 1924, is in the familiar form of conditional sales, with a provision that title to the stonecrusher remain in the vendor until full payment. About a year later, the appellant brought a suit at law against the bankrupt for the purchase price of this stone crusher and some other equipment previously sold the bankrupt, and made a general attachment of the bankrupt's property, apparently including the stone crusher. On July 14, 1925, this attachment was released; but, under a special precept issued on July 23d, a second attach-

ment was made, apparently not covering the stone crusher, but "covering ample property to secure payment for all sales, conditional and otherwise." In the declaration filed in this suit, nearly $7,000 out of a total of about $8,000 plainly appeared to be items included in the selling price of this stone crusher. This attachment remained in force until near the end of the four months period, when it was dissolved by bankruptcy.

The referee concluded: "Had the four months period expired without the intervention of bankruptcy, I have no doubt this petitioner would have insisted upon the validity of its attachment against any single creditor or a subsequent trustee for all creditors."

In the referee's supplementary certificate he says: "The only new fact which has developed is that counsel for the claimant, after being instructed to bring suit on the Trap Rock account, was furnished by the claimant's bookkeeper with a detailed statement of what purported to be the open account due from the Trap Rock Company to the claimant. In this open account were contained the items sold to the Trap Rock Company on conditional sale and which are now the subject of this reclamation proceeding. These items were included in the bookkeeper's statement without anything to indicate that they had been sold on conditional sale. Counsel for the claimant prepared his declaration from this statement. He relied, as any reasonable man might rely, upon the information furnished him by his client. He intended to sue only for the articles sold on open account and supposed he had done so. The actual fact was not brought to his attention until after the bankruptcy."

The court below held that this supplementary certificate simply showed that the mistake was not that of counsel, but of the client; and that, "the matter is governed by Massachusetts law, and that is decisively settled against the claimant by the decisions. * * *"

[1] We find nothing in the facts reported indicating that there was a mistake by either attorney or client, within the legal meaning of that word as now used. There is nothing in either certificate indicating that the bookkeeper did not conform to instructions given by the appellant's responsible executive officers, or that the Trap Rock account was not entered in the appellant's books as though an absolute, and not a conditional, sale. The supplementary report does nothing except exonerate counsel from responsibility for bringing a suit and making an attachment subject to dissolution by bankruptcy within four months,—when, in case of bankruptcy, reliance upon the conditional sale might have been preferable. But even that does not clearly appear; for the right to reclaim the stone crusher, which is asserted in argument to have been specially built for the bankrupt's use and which had apparently been used for a year without any substantial payment made thereon, might well have been deemed of less value than the security attainable by attaching other property of the Trap Rock Company. A mistake in strategy or in judgment as to the best method of securing or collecting an overdue account is not a mistake in fact within the meaning of the word as now used in the cases cited and relied on by the appellant. Appellant's acts in suing, attaching, and holding the attachment—until it was dissolved by bankruptcy—manifested an unequivocal choice. On this record, certainly it could not be held that the appellant's suit and attachment (maintained nearly four months) did not affect the right of other creditors, and therefore operate as an estoppel now to assert a mistake either in fact or in strategy. Standard Oil Co. v. Hawkins (C. C. A.) 74 F. 395, 398, 399, 33 L. R. A. 739, and cases cited.

[2] We need not speculate as to the comparative value of the appellant's alternative rights, nor whether the suit and attachment (stated in the appellee's brief to have been for $20,000) were the cause or occasion of the bankruptcy; for we find nothing whatever in the facts reported to take the case out of the well-settled rule that suit brought for the purchase price is an election to treat such a transaction as a sale. William W. Bierce, Ltd., v. Hutchins, 205 U. S. 340, 346, 347, 27 S. Ct. 524, 51 L. Ed. 828; Snow v. Alley, 156 Mass. 193, 195, 30 N. E. 691; Bailey v. Hervey, 135 Mass. 172, 174; Whitney v. Abbot, 191 Mass. 59, 63, 77 N. E. 524; Frisch v. Wells, 200 Mass. 429, 86 N. E. 775; Russell v. Martin, 232 Mass. 379, 382, 122 N. E. 447; Schmidt v. Ackert, 231 Mass. 330, 332, 121 N. E. 24. Cf. General Fire Extinguisher Co. v. Equitable Trust Co. (C. C. A.) 17 F.(2d) 968, and cases cited.

The decree of the District Court is affirmed, with costs to the appellee.