A & H FINANCE CORPORATION *vs.* LEWIS A. GOLDMAN.

Suffolk.    November 4, 1935. — January 2, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Sale*, Conditional. *Contract*, Validity. *Damages*, For breach of contract.

In a contract of conditional sale of an automobile made before St. 1935, c. 348, a provision that upon the vendee's breach, the vendor might repossess the automobile and without crediting its value, recover the entire unpaid purchase price as liquidated damages for the breach, was enforceable as written.

CONTRACT.   Writ in the Municipal Court of the City of Boston dated March 9, 1934.

The action was heard in the Municipal Court by *Adlow*, J., who found for the defendant.   Upon report, the Appellate Division ordered the finding vacated and a finding for the plaintiff in the sum of $112.50 entered.   The defendant appealed.

*M. Krook*, for the defendant.

*C. Prombain*, for the plaintiff.

PIERCE, J.   This is an action upon a promissory note in the sum of $150, upon which the plaintiff claims there is still due the unpaid balance of $112.50.   The plaintiff further claims attorney's fees in the sum of $16.87, which represents fifteen per cent of the unpaid balance as a reasonable attorney's fee.   The defendant's answer consists of a general denial; denial of signature and demand for proof; denial that the plaintiff is a holder in due course; and allegations that there was failure of consideration, that the value of the automobile repossessed was greater than the balance due, and that the clause in the conditional sales contract offered in evidence constitutes a forfeiture or penalty.

The case was heard in the Municipal Court of the City of Boston upon the agreed statement of facts which follows: "The defendant purchased an Auburn Convertible Coupe, subject to the terms and conditions of a conditional sales

contract signed by him [*the material parts of which are printed in the margin] and in connection with the transaction, signed, executed and delivered a promissory note in the sum of $150.00 payable at the rate of $12.50 per month, the first payment being due on September 29, 1933. The plaintiff is a holder in due course of said note and an assignee in writing of the conditional sales contract accompanying said note. On or about February 15, 1934, the automobile was repossessed for non-payment of the installment due on December 29, 1933. It is agreed that no credit was given the defendant for the value of the repossessed motor vehicle. It is also agreed that the balance due was $112.50 at the time of repossession; that there was a default in the payments due on December 29, 1933, and thereafter; and that

---

\* The contract, among other things, provided that the "title to said Motor Vehicle shall remain vested in the Seller or assigns until all amounts due hereunder are fully paid in money, when title shall vest in Purchaser . . . . It is understood that time of payment is of the essence of this contract. If Purchaser should default in the payment of any installment, interest or other charges . . . or should Purchaser fail to comply with any other term, condition or provision of this contract, the Seller may declare the entire amount then ·unpaid immediately due and payable and may collect same from the Purchaser as liquidated damages for the breach of this contract, and may take possession of said Motor Vehicle and all equipment, accessories or repairs thereon . . . . In the event of such repossession the Purchaser shall thereby lose and hereby waives any interest in, or right to, the said Motor Vehicle, and all claims for damages, if any, caused by said repossession. . . . In the event of such repossession, said Motor Vehicle may be retained by Seller together with any or all amounts paid thereon as compensation for the reasonable use of said Motor Vehicle and the Purchaser shall pay to the Seller any costs for necessary repairs because of damages to said Motor Vehicle. And the Seller may make such disposition of the Motor Vehicle as Seller sees fit, or may sell it with or without notice, either at public or private sale without having same at the place of sale and the Seller shall have the right at any public sale to purchase said Motor Vehicle the same as any other person . . . . The Seller may, if he sees fit, credit the proceeds of said sale, less the expense of taking, removing, holding, repairing and selling said Vehicle including attorney's fees, upon the amount then unpaid and enter judgment as hereinbelow provided against Buyer for the balance, or the Seller may retain said proceeds as compensation also for the reasonable use of said Motor Vehicle and may declare the entire amount then unpaid due and payable forthwith and enter judgment as hereinbelow provided against Purchaser for said amount . . . . The Seller shall have the right to enforce one or more of the remedies hereabove provided for or any other remedy he may have, and to enforce such remedies in whole or in part successively or concurrently. The Purchaser further agrees that institution of a suit by the Seller for any installment due and owing or for the entire unpaid amount shall not operate to invest title to said Motor Vehicle in the Purchaser. . . . Any provision of this contract prohibited by law of any State shall as to said State be ineffective to the extent of such prohibition only, without invalidating the remaining conditions and provisions of this contract."

this sum is claimed by the plaintiff with other charges in accordance with the provisions of the contract of conditional sales and note, put in evidence, annexed hereto, and made a part of this agreed statement of facts.   It is agreed that the value of the car when repossessed was equal to the unpaid balance."

The plaintiff duly presented numerous requests for rulings, but now challenges the court's action only on such as are pertinent to two issues, (1) whether the provisions of the contract relating to liquidated damages constitute a penalty, and (2) whether the defence of a penalty, if it be established, is available against a holder in due course.   In passing on the plaintiff's requests relating to the first issue the trial judge in effect ruled that the provision in the contract referring to liquidated damages constituted a "forfeiture" (penalty), and found for the defendant.   The plaintiff claimed to be aggrieved by the failure of the judge to rule as requested and by the denial of its requests.   The trial judge reported the case to the Appellate Division of the Municipal Court of the City of Boston.   Upon hearing the Appellate Division entered the order: "Finding for the defendant vacated; Finding for the plaintiff in the sum of $112.50."   The case is before this court on the appeal of the defendant from the final decision of the Appellate Division.

In the absence of special provision in the contract to the contrary, in this Commonwealth the general rules relating to the remedies of conditional sellers of personal property are as follows: (1) If a conditional vendor brings an action for the purchase price or for the entire balance unpaid of the purchase price, the same being due and payable, he thereby elects to treat the sale as absolute and he cannot afterwards repossess the article so sold.   *Whitney* v. *Abbott*, 191 Mass. 59.   *Bailey* v. *Hervey*, 135 Mass. 172.   *Frisch* v. *Wells*, 200 Mass. 429.   (2) If such a vendor repossesses the article he disaffirms the sale and is thereafter precluded from maintaining an action to recover the purchase price or any part of it remaining unpaid.   *Russell* v. *Martin*, 232 Mass. 379. *Schmidt* v. *Ackert*, 231 Mass. 330.   (3) The retaking of the property sold will not preclude the vendor from collecting

by action any part or the whole of the purchase price unpaid and due if such action is consistent with the express or implied terms of the contract of sale, and the resulting hardship on the buyer, if such there be, cannot be urged as a defence to the enforcement of such a contract. *Bedard* v. *C. S. Ransom, Inc.* 241 Mass. 74; 25 Am. L. R. 1488. See now G. L. (Ter. Ed.) c. 255, § 13A, added by St. 1935, c. 348. These rules and the exception to them are not founded on public policy but arise out of the contract itself and they carry out the intent and purpose of the parties to the contract. *Bailey* v. *Hervey*, 135 Mass. 172. *Russell* v. *Martin*, 232 Mass. 379. *Bedard* v. *C. S. Ransom, Inc.* 241 Mass. 74. *Viking Automatic Sprinkler Co.* v. *Teele Soap Manuf. Co.* 286 Mass. 13. The parties to this contract had a right to agree to a course of conduct for the computation of damages if the course was legal and the result was not a penalty. The method agreed upon might be productive of profit or loss to one side or the other and not be illegal. The real issue involved is "a question of construction to be decided upon the terms and inherent circumstances of each particular contract, judged of as at the time of the making of the contract, not as at the time of the breach." 2 Williston on Contracts, § 784; § 777. It has been stated that the courts should not overrule any clearly expressed intention, which is not clearly contrary to public policy, on the ground that judges know the business of the people better than the people know it themselves. In *Guerin* v. *Stacy*, 175 Mass. 595, at 597, Holmes, C.J. said: "There is no doubt that a sum which is to be paid upon the breach of a primary undertaking may be treated as a penalty in some cases, notwithstanding the fact that it is called liquidated damages in the contract . . . that so far as precedent permits the proper course is to enforce contracts according to their plain meaning and not to undertake to be wiser than the parties, and therefore that in general when parties say that a sum is payable as liquidated damages they will be taken to mean what they say and will be held to their word."

The instant contract contains numerous stipulations, in addition to the agreement to pay the purchase price, intro-

duced to protect the vendor against contemplated contingencies, the damage from which would vary very much in importance according to when the breach occurred. They appear in the record and it is not necessary to particularize them. The contract expressly provides that notwithstanding repossession following a breach or default the entire unpaid balance may become due and payable as liquidated damages for the breach at the option of the vendor. The principle of liquidated damages has been applied to conditional sales contracts in this Commonwealth, to contracts similar in every essential respect to the case at bar in *Bedard* v. *C. S. Ransom, Inc.* 241 Mass. 74, 77, and reaffirmed in *Viking Automatic Sprinkler Co.* v. *Teele Soap Manuf. Co.* 286 Mass. 13. We think the agreement is not obnoxious to the objection that the provision for "liquidated damages" is a cover for the imposition of a penalty. It results that the order of the Appellate Division, "Finding for the defendant vacated; Finding for the plaintiff in the sum of $112.50", is

*Affirmed.*