*Southern Division*

No. ················

**GOODYEAR SERVICE STORES, d-b-a THE GOODYEAR TIRE & RUBBER CO., INC.**

**v.**

**EDWARD GUSTAFSON**

*Present*: Nash, P. J. and Cox, J.

Case tried to WELCH, J., in the First District Court of Bristol. No. 145 — 1953.

*Cox, J.* This is an action of contract to recover a balance of $151.96 for tires and tubes sold and delivered by the plaintiff to the defendant. The defendant's answer contained a general denial and allegations of payment, accord and satisfaction, election of remedies and rescission of the original contract. There was a finding for the plaintiff in the sum of $151.96.

The case was reported because the defendant claimed to be aggrieved by the denial of his requests for rulings numbers 2, 6, 7, 9, 10, 11 and 12 and the "conditional" allowance of numbers 1, 5 and 8. These requests are as follows:

1. Upon all the evidence a finding for the Defendant is warranted.

2. Upon all the evidence a finding for the Defendant is requested.

5. The Defendant in acceding to the Plaintiff's demand for the return of the tires did an act he was not legally liable to perform.

6. The return of the merchandise which the Defendant was not legally required to do in view of the invalid condition of the sale, and the acceptance of the return of the merchandise by the Plaintiff, contrary to the terms of the contract, created an accord and satisfaction.

7. There was a good and valid consideration on the part of both parties to create a valid accord and satisfaction.

8. Upon all the evidence the Court is warranted in finding a valid accord and satisfaction was created by the return and acceptance of the merchandise.

9. Upon all the evidence the Court is required to find that a valid accord and satisfaction was created by the return and acceptance of the merchandise.

10. Having received the merchandise back, and reselling it, the Plaintiff has made an election of remedies inconsistent with this action.

11. The Plaintiff in repossessing or receiving the merchandise, has disaffirmed the sale and is thereafter precluded from maintaining this action to recover the balance of the purchase price.

12. Because there was no valid condition of sale in the agreement between the parties, the transaction was an absolute sale, and the Plaintiff in accepting and receiving the merchandise made an irrevocable election of remedies precluding the bringing of this action as a matter of law.

At the trial, the plaintiff introduced a ledger record which showed a credit of $30.00 and a balance of $151.96. Thereupon, the plaintiff rested.

The defendant testified that in 1952 he purchased from the plaintiff two tires and tubes at the plaintiff's store in Taunton. At a later date he became in arrears in his payments. The salesman who had sold him the tires and tubes came to his home and, after

a conversation, took the tires, leaving a credit memorandum with the defendant.

The tires and tubes were sold under what purported to be a conditional sales contract which the judge held to be invalid as such because it did not comply with G. L. c. 255, §11 *et sec.* As to this the judge found that "Time payment agreement", of which there were two, were signed by the defendant but not by the plaintiff and contain the provision that "I agree to pay all costs, charges, expenses and disbursements including reasonable attorney's fees incurred in taking possession of said goods or in collecting any sums which may be due hereunder". See *The National Cash Register Company v. Warner,* 335 Mass. 736. *Clark v. A & J Transportation Co., Inc.,* 330 Mass. 327. *Mogul v. Boston Acceptance Co., Inc.,* 328 Mass. 424, 426. *Morris Gordon & Son, Inc. v. Totoni* 324 Mass. 182, 186. Neither party contests this ruling. Both have proceeded on the ground that the sale was absolute without any retention of title by the plaintiff as seller. Accordingly, there is no occasion for us to consider it.

The judge found that the defendant voluntarily gave up possession of the tires to the plaintiff's agent and received the credit of $30.00, leaving the balance of $151.96 which he found was due the plaintiff.

The ledger record which the plaintiff introduced in evidence made out a *prima facie* case showing that $151.96 was owed. G. L. (Ter. Ed.) c. 233, §78. *Standard Oil Co. of New York v. Malaguti,* 269 Mass. 126.

■ The defences of payment, accord and satisfaction, election of remedies, and rescission of the original contract were affirmative defences, which involve a question of fact and as to which the defendant had the burden of proof. *Baldwin v. Porter,* 217 Mass. 15. *Gerrish Dr'g Co. v. Bethlehem Shipb'd'g Corp.,* 247 Mass. 162, 168, 169. *Finkelstein v. Sneierson,* 273 Mass. 424, 428. *First National Bank of Boston v. Cartoni,* 295 Mass. 75, 78, 79. *Threlfall v. Coffee Roasters Products, Inc.,* 306 Mass. 378, 380. (Relating to the defence of payment). *Champlin v. Jackson,* 313 Mass. 487, 489 and cases there cited (relating to the defence of accord and satisfaction). *A & H Finance Corp. v. Goldman,* 293 Mass. 113, 115, 116. *Western Mass. Finance Co. v. Carrier,* 295 Mass. 441. *Russell v. Martin,* 232 Mass. 379. *Schmidt v. Ackert,* 231 Mass. 330. *Frisch v. Wells,* 200 Mass. 429 (relating to the defence of election of remedies). The defence of rescission has not been argued or briefed and therefore is treated as waived. *Neofotistos v. New York, New Haven & Hartford Railroad,* 326 Mass. 647. *Rosen v. Somerset,* 329 Mass. 250.

■ It was said in *A & H Finance Corp. v. Goldman,* 293 Mass. 113, 115, 116, "In the absence of special provision in the contract to the contrary, in this Commonwealth the general rules relating to the remedies of conditional sellers of personal property are as follows: (1) If a conditional vendor brings an action for the purchase price or for the entire balance unpaid of the purchase price, the same being due and payable, he thereby

elects to treat the sale as absolute and he cannot afterwards repossess the article so sold. *Whitney v. Abbott,* 191 Mass. 59. *Bailey v. Hervey,* 135 Mass. 172. *Frisch v. Wells,* 200 Mass. 429.

(2) If such a vendor repossesses the article he disaffirms the sale and is thereafter precluded from maintaining an action to recover the purchase price or any part of it remaining unpaid. *Russell v. Martin,* 232 Mass. 379. *Schmidt v. Ackert,* 231 Mass. 330.

(3) The retaking of the property sold will not preclude the vendor from collecting by action any part or the whole of the purchase price unpaid and due if such action is consistent with the express or implied terms of the contract of sale and the resulting hardship on the buyer, if such there be, cannot be argued as a defence to the enforcement of such a contract. *Bedard v. C. S. Ransom, Inc.,* 241 Mass. 74; 25 Am. L. R. 1488. See new G. L. (Ter. Ed.) c. 255, §13A, added by St. 1935, c. 348. These rules and the exception to them are not founded on public policy but arise out of the contract itself and they carry out the intent and purpose of the parties to the contract. *Bailey v. Hervey,* 135 Mass. 172. *Russell v. Martin,* 232 Mass. 379. *Bedard v. C. S. Ransom, Inc.,* 241 Mass. 74. *Viking etc. Sprinkler Co. v. Teele Soap Manuf. Co.,* 286 Mass. 13. The parties to this contract had a right to agree to a course of conduct for the computation of damages if the course was legal and the result was not a penalty. The method agreed upon might be productive of profit or loss to one side or the other and not

be illegal. The real issue involved is 'a question of construction to be decided upon the terms and inherent circumstances of each particular contract, judged of as at the time of the making of the contract, not as at the time of the breach.' 2 Williston on Contracts, §784; §777. It has been stated that the courts should not overrule any clearly expressed intention, which is not clearly contrary to public policy, on the ground that the judges know the business of the people better than the people know it themselves."

That case goes only so far as to hold that a contract of sale can effectively give the unpaid seller the right to repossess goods sold and also to recover the whole or any unpaid balance of the price, but we see no reason why the parties cannot come to similar terms agreeable to themselves after the sale. G. L. (Ter. Ed.) c. 106, §60. That statute provides, "If any right, duty or liability would arise under a contract to sell or a sale by implication of law, it may be negatived or varied by express agreement or by the course of dealing between the parties, . . ."

The judge found that the defendant voluntarily gave up possession of the tires and that the plaintiff's agent gave the defendant a credit of $30.00 leaving the balance of $151.96. The judge held that the defendant had the burden of proving accord and satisfaction and that the defendant had not sustained that burden. He cited *Champlin v. Jackson,* 313 Mass. 487. The judge made no reference to the defences of payment and election of remedies, but the basic question

is the same as to all of them and it is apparent, both from his general finding for the plaintiff as well as from his other findings, that the judge took the position, as we think he had a right to do, that the defendant agreed to surrender the tires and to accept the credit leaving the balance which he found to be due. While he perhaps could have come to a different conclusion, a circumstance which he recognized by granting the defendant's request No. 1, that a finding for the defendant, was warranted, and No. 8 that the return of the merchandise warranted a finding of accord and satisfaction, he was not required to do so. There was no error in granting requests Nos. 1 and 8 and then finding for the plaintiff. *Hoffman v. Chelsea,* 315 Mass. 54. *Liberatore v. Framingham,* 315 Mass. 538.

In the light of what has been said there was no error of law in the denial of requests Nos. 6, 7 and 9, which were based on the theory that the return of the tires constituted an accord and satisfaction, nor in the denial of requests Nos. 10, 11 and 12, which pose the proposition that repossession constituted an election of remedies which precluded recovery of the balance of the price. There was no error in the denial of request No. 2, which requested a finding for the defendant upon all the evidence. See Rule 27 of Rules of the District Courts (1952). Request No. 2 was also properly denied on the ground that the evidence did not require a finding for the defendant. *Sikora v. Hogan,* 315 Mass. 66. *Hurley v. Ornsteen,* 311 Mass. 477.

The defendant was not harmed by the

allowance of his request No. 5 that in returning the tires he did an act he was not legally liable to perform. The request has become inconsequential as it has been found that the defendant voluntarily surrendered the tires and accepted the credit.

The defendant could have refused to surrender the tires to the plaintiff and left the plaintiff to elect whether to recover possession of them by peaceful and legal proceedings or sue for the balance due. Instead, he voluntarily surrendered the goods and accepted the credit. He should not be heard to complain that he now experiences a hardship due to the course of dealing he voluntarily adopted with the plaintiff.

An order should be entered dismissing the report.

*Note*: *Justice Welch took no part in the consideration of this case before the Appellate Division.*